1   Aminah Williams, Esquire SB# 276524
    Stephen R. Golden, Esquire SB# 163366
2   **STEPHEN R. GOLDEN & ASSOCIATES**
    600 N. Rosemead Blvd., Suite 100
3   Pasadena, CA 91107
    Telephone:    (626) 584-7800
4   Facsimile:    (626) 568-3529
    E-mail:        businesslaw@stephenrgolden.com
5
    Attorneys for Plaintiff
6   **Illuminada Kenery**

7

8               **UNITED STATES DISTRICT COURT**

9       **NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**

10

11  ILLUMINADA KENERY, an individual,        **Case No.  5:13-cv-02411-HRL**

12                              Plaintiff,    [The Honorable Howard R. Lloyd]

13              v.                            **PLAINTIFF'S        OPPOSITION       TO
                                             DEFENDANT   WELLS   FARGO   BANK
                                             N.A.'S MOTION TO DISMISS**
14  WELLS FARGO, N.A., a National
    Association, WELLS FARGO HOME                    **HEARING RESERVED**
15  MORTGAGE;INC.,  NDEX WEST, LLC,
    and DOES 1 through 50 inclusive,         Date        :    July 16, 2013
16                                           Time        :    10:00 am
                              Defendants.    Courtroom    :    2 – 5th Floor
17

18

19

20

21

22

23

24

25

26  ///

27  ///

28

---

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................2

1. INTRODUCTION ...................................................................................2

2. ISSUES FOR RESOLUTION ...................................................................2

3. STATEMENT OF FACTS ........................................................................4

4. ARGUMENT ........................................................................................5

    A.    The Standard of Review ................................................................5

    B.    All Indispensable Parties Have Appeared in this Action .....................7

    C.    HOLA Preemption May be Invoked Only by Federal Savings Associations .......7

        1.    Wells Fargo Is Not A Federal Savings Association .................8

        2.    HOLA Preemption Is Inapplicable Because the NBA conflict Preemption Standard Applies.......................9

    D.    Plaintiff Has Sufficiently Stated Claims For Lack Of Standing And Violation of *Civil Code* § 2924.17 ......................................................10

    E.    Plaintiff Has Sufficiently Stated A Claim for Unfair Business Practices In Violation of *Business & Professions Code* § 17200 ................................11

    F.    Plaintiff Has Sufficiently Stated Claims For Violation of *Civil Code* § 2923.5 ......................................................12

    G.    Plaintiff Has Sufficiently Stated A Claim For Quiet Title ...................13

    H.    Plaintiff Has Sufficiently Stated A Claim For Declaratory Relief ...................14

    I.    Plaintiff Has Sufficiently Stated A Claim For Injunctive Relief .....................14

5. CONCLUSION ....................................................................................15

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

Page(s)

*Aguayo v. U.S. Bank, N.A.,*
    653 F.3d 912 (9th Cir. 2011) ………………………………………..………9

*Albizo v. Wachovia Mortgage et al.,*
    No. 2:11-cv-02991, LEXIS 55985 (E.D. Cal. Apr. 20, 2012) …………….………7,8,9

*Auster Oil & Gas, Inc. v. Stream,*
    764 F.2d 381 (5th Cir.1985) …………………………………………..…………5

*Balderas v. Countrywide Bank, N.A.*
    664 F.3d 787 (9th Cir. 2011) …………………………………………….....…6

*Bell Atlantic Corporation v. Twombly,*
    550 U.S. 544 (2007) ……………………………………………………..…6

*Bernheim v. Litt,*
    79 F.3d 318 (1996) ………………………………………………………6

*Conley v. Gibson,*
    355 U.S. 41 (1957) ……………………………………………....….…..…5

*Falcocchia v. Saxon Mortg., Inc.,*
    709 F. Supp. 2d 873 (E.D. Cal. 2010) …………………………....……………9

*Gerber v. Wells Fargo Bank, N.A.,*
    No. cv 11-0108, LEXIS 15860 (D. Ariz. Feb. 9, 2012) ………………....……..8,9

*Gilligan v. Jamco Dev. Corp.,*
    108 F.3d 246 (9th Cir. 1997 …………………………....…………………..5

*Hishon v. King & Spalding,*
    467 U.S. 69 (1984) ………………………………………………………5

*Ileto v. Glock, Inc.,*
    349 F.3d 1191 (9th Cir. 2003) ……………………………....……………….5

*In re Gilead Sciences Sec. Litig.,*
    536 F.3d 1049 (9th Cir. 2008) ………………....……………………………6

*Pareto v. F.D.I.C.,*
    139 F. 3d 696 (9th Cir. 1998) …………………………………………………5

**TABLE OF AUTHORITIES**

**(Continued)**

Page(s)

**FEDERAL CASES**

*Sanders v. Kennedy,*
    794 F.2d 478 (9th Cir. 1986) ................................................................5

*Yang v. Home Loan Funding, Inc.,*
    No. cv F 07-1454, LEXIS 21837 (E.D. Cal. Feb. 18, 2010) .......................9

**STATE CASES**

*Bank of Am. v. La Jolla Group,*
    129 Cal. App. 4th 706 (2005) .............................................................13

*Barroso v. Ocwen Loan Servicing,*
    129 Cal. App. 4th 101 (2012) .............................................................13

*Dimock v. Emerald Properties,*
    81 Cal. App. 4th 868 (2000) ..............................................................13

*Farmers Insurance Exchange v. Superior Court,*
    2 Cal.4th 37 (1992) ........................................................................12

*Lona v. Citibank,*
    202 Cal. App. 4th 706 (2011) .............................................................13

*People v. E.W.A.P., Inc.,*
    106 Cal.App.3d 315 (1980) ...............................................................12

*Podolsky v. First Healthcare Corp.,*
    50 Cal. App. 4th 632 (1996) ..............................................................11

*Puentes v. Wells Fargo Home Mortg., Inc.,*
    160 Cal. App. 4th 638 (2008) .............................................................12

*Saunders v. Superior Court,*
    27 Cal. 4th, 832 (1994) ...................................................................12

*Washington Mutual Bank v. Superior Court,*
    75 Cal. App. 4th 773 (1999) ..............................................................12

**TABLE OF AUTHORITIES**

**(Continued)**

Page(s)

**FEDERAL APPENDIX**

*Martinez v. America's Wholesale Lender,*
     446 Fed. Appx. 940 (2011) ...............................................................................13

**FEDERAL STATUTES**

12 U.S.C. §165(a) (2012) ......................................................................……..........10

12 U.S.C. §1464(o) ...................................................................................................8

**STATE STATUTES**

*Business & Professions Code* § 17200 ..............................................….......2,11,12

*Civil Code* § 2923.5 ...................................................................……......3,10,12,13,14

*Civil Code* § 2924 ..............…….......................................................................11,13

*Civil Code* § 2924(a)(6) ..................................................................................2,10,14

*Civil Code* § 2924.12(a)(1) ....................................................................................3,14

*Civil Code* § 2924.17 ............................................................................................2,10

**RULES**

Fed. R.  Civ. P. 8(a)(2) .........................................................................................5

Fed. R.  Civ. P. 12(b)(6) ..........................................................................................5

Fed. R. Civ. P. 15(a) ............................................................................…..............5

**REGULATIONS**

12 C.F.R. § 541.2 ..................................................................................................8

12 C.F.R. § 541.11 ...............................................................................…...............8

12 C.F.R. § 560.2 (HOLA) ..................................................................................8

**TABLE OF AUTHORITIES**

**(Continued)**

Page(s)

<u>REGULATIONS</u>

12 C.F.R. § 560.2(a) (HOLA) ...........................................................................8

12 C.F.R. § 560.2(c) (HOLA) ...........................................................................8

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

The core of this action arises from a loan entered into by Plaintiff and her now deceased husband with Wachovia Mortgage, FSB in 2008. After the loss of her job and death of her husband, Plaintiff had difficulty making mortgage payments and therefore requested a loan modification. Eventually Plaintiff regained employment and increased income, but was nonetheless denied a loan modification, while Defendants pursued foreclosure without completing the necessary due diligence to contact Plaintiff.

## 2. ISSUES FOR RESOLUTION

### 1. First Claim for Lack of Standing Under California Civil Code Section 2924(a)(6)

Plaintiff's claim for lack of standing is sufficient because (1) it is not preempted by HOLA; (2) because HOLA is inapplicable to Defendants; (3)because the recently enacted Homeowner Bill of Rights legislation is applicable to acts of Defendants since it merely "clarifies" previously existing law; (4) because there exists no indispensable party; and (5) because Plaintiff has plead the necessary elements, namely that Defendants do not hold both the Note and Deed of Trust required to foreclose. (Complaint p. 3, ¶10)

### 2. Second Claim for Violation of California Civil Code Section 2924.17

Plaintiff's claim is sufficient because (1) it is not preempted by HOLA; (2) because HOLA is inapplicable to Defendants; (3) because there exists no indispensable party; and (4) because Plaintiff has plead the necessary elements.

### 3. Third Claim for Violation of Business and Professions Code Section 17200

Plaintiff's Claim is sufficient because (1) Plaintiff's other claims are valid; (2) Plaintiff pleads the necessary elements of an Unfair Competition Violation (Complaint p. 8, ¶3) and has made a short and plain statement; (3) the claim is not preempted by HOLA; and (4) because the

recently enacted Homeowner Bill of Rights legislation is applicable to acts of Defendants since it merely "clarifies" previously existing law.

### 4.  Fourth Claim for Violation of California Civil Code Section 2923.5

Plaintiff's claim is sufficient because (1) it is not preempted by HOLA; (2) Plaintiff pleads the necessary elements for failure to comply and has made a short and plain statement; and (3) because the recently enacted Homeowner Bill of Rights legislation is applicable to acts of Defendants since it merely "clarifies" previously existing law; and (4) because there exists no indispensable party.

### 5.  Fifth Claim for Quiet Title

Plaintiff's claim is sufficient because (1) it is not preempted by HOLA; (2) Plaintiff pleads the necessary elements for failure to comply and has made a short and plain statement; and (3) because the recently enacted Homeowner Bill of Rights legislation is applicable to acts of Defendants since it merely "clarifies" previously existing law; and (4) because there exists no indispensable party.

### 6.  Sixth Claim for Declaratory Relief

Plaintiff's claim is sufficient because (1) a present controversy exists as to whether Defendants may continue to foreclose upon Plaintiff; (2) declaratory relief is necessary to stop Defendants' efforts to foreclose (3) because it is not preempted by HOLA; (5) because there exists no indispensable party.

### 7.  Seventh Claim for Injunctive Relief

Plaintiff's claim is sufficient because (1) California Civil Code §2924.12  provides a cause of action for injunctive relief; (2) it is not preempted by HOLA ; and (3) Plaintiff pleads the necessary elements for failure to comply and has made a short and plain statement; and (4) because there exists no indispensable party.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS:    CASE NO:5:13-cv-02411-HRL**

### 3.  STATEMENT OF FACTS

In 2008, Plaintiff entered into a written loan agreement with Wachovia Mortgage, FSB for a sum of $587,520.00 (the "Loan"), secured by the Subject Property through a Deed of Trust recorded April 17, 2008, then and now her principal residence. The Deed of Trust provides that the lender on Plaintiff's loan is Wachovia Mortgage, FSB, and the Trustee is Golden West Savings Association Service Co.

In 2012, Plaintiff suffered a temporary financial setback due to the poor economy and increased expenses following the loss of her job concurrently with the sudden illness and death of her husband and joint tenant, Nemensio Kenery in August, 2011. Thereafter Plaintiff was unable to stay current on her mortgage payments and initiated contact with Defendants to pursue a loan modification.  Subsequently, Plaintiff also experienced a material change in her financial circumstances, resulting in increased household income by obtaining new employment and regular financial contributions from family members. This was communicated to Defendants, but with no effect.

On or about September 25, 2012, Defendants initiated foreclosure by recording a Notice of Default on the subject property.  On or about December 24, 2012, Defendants recorded a Notice of Trustee's Sale on the subject property.  Accordingly, Plaintiff was forced to file this action in the Superior Court, County of Santa Clara. Thereafter, Defendants removed the matter, without adequate basis, to this Federal District Court to avoid the Superior Court's early settlement efforts.

# 4.  **ARGUMENT**

A.  Standard of Review

The Federal Rules simply require in the complaint a "short and plain statement of the claim showing the pleader is entitled to relief." [FRCP Rule 8 (a) (2)]. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Thus, dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In ruling on a motion to dismiss, the Court must accept all material allegations of fact alleged in the complaint as true and resolve all doubts in favor of Plaintiff. (Pareto v. F.D.I>C. 139 F. 3d 696, 699 (9th Cir. 1998)). That is, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a).

Motions to dismiss are disfavored, as there exists "'a powerful presumption against rejecting pleadings for failure to state a claim.'" *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir.1985)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, Id.* In considering a motion to dismiss, a district court must take as true all well-pleaded allegations of material fact and must construe them in the light most favorable to the plaintiff. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). A court

also must take into account all inferences supporting the complaint that a trier of fact reasonably could draw from the evidence. See *Id.*

Even applying the standard set by the case of *Bell Atlantic Corporation v. Twombly* 550 U.S. 544 (2007) cited by Defendants (Motion to Dismiss p.12 , ¶3) which requires that complaint should have enough factual matter, not just labels, conclusions, and formulaic recitation of the elements of cause of action, the instant case has still sufficient and enough facts to state a claim of relief that is tenable on its face.

With regards to a foreclosure-related case, the Ninth Circuit stated that "[c]omplaints need only allege facts with sufficient specificity to notify defendants of Plaintiffs' claims." *Balderas v. Countrywide Bank, N.A.,* 664 F.3d 787, 790 (9th Cir. 2011). "[S]o long as the plaintiff alleges facts to support a theory that is not factually implausible, the court's skepticism is best reserved for later stages of the proceedings when the Plaintiff's case can be rejected on evidentiary grounds." *Id.* at 791 Quoting *In re Gilead Sciences Sec. Litig.,*536 F.3d 1049, 1057 (9th Cir. 2008).

Here, Plaintiffs have stated and identified in the Complaint the Defendants and enumerated the different causes of action against them with sufficient factual support.  A complaint may not be dismissed if there is any set of facts set forth in the complaint which will support a cause of action. When a Court rules on motion to dismiss, it must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the Plaintiff. In fact, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." [*Bernheim v. Litt,* 79 F.3d 318(1996)].

B. <u>All Indispensable Parties Have Appeared in This Action.</u>

Plaintiff entered into the original loan in April 2008, as a joint tenant together with Nemensio Kenery, Plaintiff's husband.   Nemensio Kenery died in August, 2011, whereby Plaintiff Illuminada Kenery took all of his interest in the joint tenancy by right of survivorship. (*See* Deed of Trust, Defendants Request For Judicial Notice, Exhibit A, page 4.) Illuminada Kenery is the sole surviving interest holder in the subject property, and there is no other party whose ability to protect his or her interest is impeded by this lawsuit, or who would be left to subject defendants to a substantial risk of multiple or inconsistent obligation with regard to the subject property or loan.

The alleged failure to join an indispensable party is therefore moot, and Plaintiff requests the Court to deny the Motion to Dismiss on this ground.

C. <u>Hola Preemption  Does Not Apply Because It May Be Invoked Only By Federal Savings Associations</u>

Wells Fargo erroneously asserts that Plaintiff's claims are preempted under the Home Owners' Loan Act ("HOLA").  Motion to Dismiss at 5, p. 3.  According to Defendant, World Savings Bank was a federal savings bank in 2008 when Plaintiff's loan originated.  Effective November 1, 2009, Defendant represents, Wachovia Mortgage FSB became a division of Wells Fargo Bank, N.A.  *Id.*  "In other words, defendant argue[s] that World Savings' ability to assert HOLA preemption has trickled down to the defendant[] in this case."  *Albizo v. Wachovia Mortgage et.al*, No. 2:11-cv-02991, LEXIS 55985, at *52-53 (East. Dist. Cal. Apr. 20, 2012).

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS:    CASE NO:5:13-cv-02411-HRL**

Wells Fargo's preemption argument rests on the applicability of 12 C.F.R. § 560.2, a regulation promulgated by the Office of Thrift Supervision (OTS)[1]. Section 560.2 states that HOLA and its regulations: "preempt state laws affecting the operations of federal savings associations when deemed appropriate to facilitate the safe and sound operation of federal savings associations, to enable federal savings associations to conduct their operations in accordance with the best practices of thrift institutions in the United States, or to further other purposes of the HOLA." 12 C.F.R. § 560.2(a). Certain types of state laws may escape preemption — e.g., real property law and torts — if "they only incidentally affect the lending operations of Federal savings associations." *Id.* § 560.2(c).

Federal savings associations' are banking associations chartered under HOLA § 5(o), 12 U.S.C. § 1464(o). See 12 C.F.R. §§ 541.2, 541.11. A defendant must demonstrate that it is such an entity before the defendant may benefit from the preemption defense.

1. <u>Wells Fargo Is Not A Federal Savings Association.</u>

The issue in this case, specifically, whether Wells Fargo may invoke HOLA preemption based on laws applicable to World Savings Bank years earlier, has been discussed at length in two recent District Court opinions. Both held that HOLA preemption simply does not apply to Wells Fargo, as a successor. *Albizo*, LEXIS 55985, at *52-54; *Gerber v. Wells Fargo Bank, N.A.*, No. CV 11-0108, LEXIS 15860, at *7-10 (D. Ariz. Feb. 9, 2012).

Defendants have not made the threshold showing that they are in the position to assert HOLA preemption. As stated by the Court in *Gerber*:

> Wells Fargo has . . . cited several cases stating that Wells Fargo enjoys the HOLA preemption enjoyed by World Savings and Wachovia. But as authority for that proposition, these [cited] cases cite either (a) nothing, (b) each other, or (c) generic statements of law about corporations succeeding to the rights of the entities they acquire.

---

[1] On July 21, 2011, the Office of Thrift Supervision became part of the Office of the Comptroller of the Currency.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS:    CASE NO:5:13-cv-02411-HRL

*Gerber,* 15860, at *7-10 (citing district court cases); see also *Yang v. Home Loan Funding, Inc.,* No. CV F 07-1454, LEXIS 21837, at *7-10 (E.D. Cal. Feb. 18, 2010) (denying a motion to dismiss in part because defendant had not shown that it was a federal savings association); *Falcocchia v. Saxon Mortg., Inc.,* 709 F. Supp. 2d 873, 886 (E.D. Cal. 2010) (denying motion to dismiss on HOLA preemption grounds).

Here, defendant has not offered any argument or evidence as to the threshold question of whether it is a federal savings association.   In rejecting Wells Fargo's claim of preemption, the Court in *Gerber* explained:

> **[P]reemption is not some sort of asset that can be bargained, sold, or transferred. HOLA preemption was created by the OTS for the benefit of federal savings associations . . . Wells Fargo is not a federal savings association, and its cited cases are therefore not persuasive.  HOLA preemption does not apply to Wells Fargo.**

*Gerber,* 2012 U.S. Dist. LEXIS 15860, at *7-10; see also *Albizo,* 2012 U.S. Dist. LEXIS 55985, at *52-53 (quoting *Gerber*).

In this action, Wells Fargo seeks to invoke HOLA preemption in the same circumstance and procedural posture as in *Gerber* and *Albizo*.  But, as in *Gerber* and *Albizo*, Wells Fargo has failed to establish the threshold requirement for application of HOLA preemption; namely, that it is a federal savings association.  Therefore, "HOLA preemption does not apply to Wells Fargo." *Albizo,* 2012 U.S. Dist. LEXIS 55985, at *54 (quoting *Gerber*).

2.  <u>HOLA Preemption Is Inapplicable  Because the National Banking Act conflict Preemption Standard applies.</u>

For a state law to be preempted under the Office of the Comptroller of the Currency ("OCC") regulations of the National Banking Act ("NBA"), the law would have to be listed in the express preemption clause *and* be absent from the savings clause. *Aguayo v. U.S. Bank, N.A.,* 653 F.3d 912  at 922 (9th Cir. 2011). The HBR provisions of the complaint, including *California*

*Civil Code §2923.5*, escapes preemption under each rubric: it is not expressly preempted and it is included in the savings clause pertaining to debt collection.

Even if somehow Wells Fargo were correct that the preemption analysis applicable to federal savings associations is appropriate here, its reliance on the HOLA preemption standard is misplaced because Congress amended HOLA in 2011 as a part of the Dodd-Frank Wall Street Reform and Consumer Protection Act to conform HOLA preemption standards to the NBA conflict preemption standard. *See* 12 U.S.C. §165(a) (2012) ("Any determination by a court...regarding the relation of state law to [federal savings associations] shall be made in accordance with the laws and legal standards applicable to national banks regarding the preemption of State law.").

D. <u>Plaintiff Has Sufficiently Stated Claims For Lack Of Standing And Violation Of Civil Code §2924.17</u>

Homeowner Bill of Rights (hereinafter referred to as "present HBR") went into effect January 1, 2013. The Senate Rules Committee in its Conference Report No. 1 for Bill SB 900 states that present HBR "***Clarif [ies]*** that no entity shall initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust." *California Civil Code §2924(a)(6)* of the Homeowner Bill of Rights states that, "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust..." present HBR does not place new standards on an entity attempting to foreclose; it merely ***clarifies*** the law in existence prior to present HBR, mainly that an entity trying to foreclose must produce the note or the deed of trust, and it is that entity's burden to do so.

Moreover, *California Civil Code §2924.17* of the Homeowner Bill of Rights states, "**A declaration recorded pursuant to Section 2923.5,... an assignment of deed of trust,** or

**substitution of trustee** recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924... shall be ***accurate*** and ***complete*** and supported by ***competent*** and ***reliable*** evidence.  Again, present HBR ***clarifies*** that this has been the law all along.  To believe the contrary would mean that before present HBR, assignments of the deed of trust and declarations accompanying those assignments attesting to ownership, among other facts, did not have to be accurate, complete or supported by competent and reliable evidence, and in other words, fraudulent.  In this state, it is a felony to record such documents.  This cannot be the law.  Moreover, the purported evidence in support of the subject documents at issue in this case consists of merely checking off boxes on a form declaration that recites statutory law, verified by an electronic signature, while the undersigned has no knowledge of the contents of that Declaration.  This does not even come close to meeting the standards of present HBR, let alone the former 2008 Homeowner Bill of Rights.

    E.   <u>Plaintiff Has Sufficiently Stated A Claim For Unfair Business Practices in Violation of Business and Professions Code Section 17200</u>

       The UCL prohibits any unlawful, unfair or fraudulent business practice. Cal. Bus. Prof. Code §17200. A practice is unfair if the court determines that the impact of the practice or act on its alleged victim outweighs the reasons, justifications, and motives of the alleged wrongdoer. *Podolsky v. First Healthcare Corp.,* (1996) 50 Cal. App. 4th 632, 647.

       Plaintiffs have pleaded specific facts in support of this claim and have suffered injury in fact, including loss of equity in their home (by growth in amounts of delinquent interest, declining property value and inflated fees), costs and expenses related to protecting themselves, fees and costs, including, without limitation, attorneys' fees and costs and higher cost of obtaining credit due to the deterioration of their credit scores.

Virtually any law of regulation – federal or state, statutory or common law – can serve as a predicate for a section 17200 violations. *Business & Professions Code* §17200 does not proscribe specific activities, but broadly prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. *Cal. Bus. & Prof. Code* §17200. Because section 17200 is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent. In other words, a practice is prohibited as "unfair" or "deceptive" even if not "unlawful" and vice versa." *Puentes v. Wells Fargo Home Mortg., Inc.,* (2008) 160 Cal. App. 4th 638, 643-644. **Plaintiff has standing to assert this claim**. *Saunders v. Superior Court* (1994) 27 Cal. 4th, 832.

Defendants failure to comply with §2923.5 is unlawful. If a business practice violates any law it also violates section 17200 and may be redressed under that section. *People v. E.W.A.P., Inc.* (1980) 106 Cal.App.3d 315, 319. Furthermore, the California Supreme Court has stated that section 17200 "borrows" violations of other laws and treats them as unlawful practices independently actionable under section 17200. *Farmers Insurance Exchange v. Superior Court* (1992) 2 Cal.4th 377, 383. Under *Business and Professions Code section* 17200, any unlawful business act constitutes unfair competition, and **a private cause of action can be based on the unlawful act even if the predicate law does not provide for a private cause of action.** *Washington Mutual Bank v. Superior Court* (1999) 75 Cal. App. 4th 773.

F.   Plaintiff Has Sufficiently Stated A Claim For Violation Of *California Civil Code § 2923.5*

*California Civil Code Section 2923.5* requires , inter alia, that prior to recording a notice of default, Lender exercise due diligence by attempting to contact the borrower at least three times, at different hours and on different days, to assess the borrower's financial situation and discuss ways to prevent foreclosure. Plaintiff specifically alleges that Defendant Wells Fargo did

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS:   CASE NO:5:13-cv-02411-HRL**

not comply with Section 2923.5 in that, among other things, they failed to contact Plaintiff to explore foreclosure alternatives. Complaint ¶ 38. Wells Fargo has not denied failure to comply with *Section 2923.5.* Moreover, compliance with §2923.5 is a question of fact for the trier of fact, not one to be resolved at the Motion to Dismiss stage.

G.   Plaintiff Has Sufficiently Stated A Claim For Quiet Title

The claim to quiet title stands on the principle and Plaintiff's allegations that the purported trustee (NDeX West, LLC) had no interest in the subject property and lacks authorization to attempt, or effect, a nonjudicial foreclosure, and further that the sale did not comply with California law for nonjudicial foreclosure, namely *California Civil Code §2923.5* and *California Civil Code§ 2924 et.seq.* If plaintiff were to prove this allegation, the trustee's deed and the resulting foreclosure sale are void under California law. *Martinez v. America's Wholesale Lender*, 446 Fed. Appx. 940, 943-44 (2011)

Defendants allege that the claim for quiet title should fail for lack of tender. However, there are a number of exceptions in which a plaintiff challenging a foreclosure does not have to tender at the pleading stage, even post-sale.  First, there is a general equitable exception that tender may not be required where it would be inequitable to do so.  *Lona v. Citibank*, 202 Cal. App. 4th 706 (2011); *Dimock v. Emerald Properties*, 81 Cal. App. 4th 868 (2000); *Bank of Am. V. La Jolla Group*, 129 Cal. App. 4th 706 (2005); *Barroso v. Ocwen Loan Servicing*, 129 Cal. App. 4th 101 (2012).

Additionally, the tender requirement does not apply when a plaintiff challenges the validity of the underlying debt, as is the case here. *Lona*, 202 Cal. App. 4th at 112-113. Tender is not required since tendering would constitute an affirmation of the debt. *Id.*  Here, Plaintiff challenges the validity of the underlying debt purportedly owed to Defendants based on lack of standing.   Defendants cannot produce the subject promissory note and therefore cannot

demonstrate that they hold the beneficial interest and are entitled to foreclose (*Civil Code* §2924 (a)(6)). Thus, Defendants have the burden of proving standing.

H.   Plaintiff Has Sufficiently Stated A Claim For Declaratory Relief

Defendants argue that Plaintiff's claim for declaratory relief only addresses past wrongs and add nothing to the proceedings; however, this is not true. A present controversy exists in that Plaintiff alleges, and Defendants deny, that Defendants wrongfully foreclosed on her property in violation of *California Civil Code § 2923.5* and the Homeowner Bill of Rights. Moreover, Plaintiff's property is in danger of being sold at a trustee sale. Plaintiff is currently in possession of the subject property, and if the sale does not go forward wishes to continue to reside at the subject property. A declaration issued by this Court as to the rights and duties of the parties concerning the subject property, specifically, that Wells Fargo wrongfully initiated foreclosure proceedings and may not continue with foreclosure efforts, certainly add value to the proceedings.

I.   Plaintiff Has Sufficiently Stated A Claim For Injunctive  Relief

Defendant asserts that injunctive relief is not a cause of action, but merely a remedy (Motion to Dismiss p. 17, l. 23). However, *Civil Code Section* 2924.12(a)(1) specifically permits an action for injunctive relief to enjoin material violations of certain code sections:

> If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.

Thus, Plaintiff is permitted by statute to bring this Cause of Action.

5.  <u>CONCLUSION</u>

    For these reasons, the Court should deny the motion to dismiss in its entirety. Alternatively, leave should be granted to amend those causes of action the Court may deem to require amendment.

STEPHEN R. GOLDEN & ASSOCIATES

Date: June 18, 2013                         _____/s/ *Aminah Williams*_____
                                            Aminah Williams, Esquire
                                            Attorney for Plaintiff
                                            Illuminada Kenery

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS:   CASE NO:5:13-cv-02411-HRL**

Kenery v. Wells Fargo, N.A., et al.                     Case No.5:13-cv-02411-HRL

## PROOF OF SERVICE BY MAIL
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and a resident of the county aforesaid.

I am over the age of eighteen years and not a party to the within entitled action.  My business

address is Law Office of Stephen R. Golden, 600 N. Rosemead Blvd, Ste 100, Pasadena,

California 91107-2101.

On June 19, 2013, I served the within:

**PLAINTIFF'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.,'S MOTION TO DISMISS**

on the following party in said action, by placing a true copy thereof, accompanied by a signed

copy of this affidavit of mailing, into an envelope that I sealed and deposited in the same day in

the United States Postal Service at Pasadena, California with first-class postage thereon fully

prepaid.

Kenneth Allen Franklin
Robert Arthur Bailey
Anglin, Flewelling, Rasmussen, Campbell,
& Trytten, LLP
199 South Los Robles Avenue Ste 600
Pasadena, CA 91101
T: (626) 535-1900
F: (626) 577-7764
Email: kfranklin@afrct.com
Email: rbailey@afrct.com

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed on June 19, 2013 at Pasadena, California.

Sharay Traylor
Stephen R. Golden & Associates

Kenery/m2dc/pos