UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ILLUMINDADA KENERY, an individual,<br><br>               Plaintiff,<br><br>  v.<br><br>WELLS FARGO, N.A., a National Association,<br>WELLS FARGO HOME MORTGAGE, INC.,<br>NDEX WEST, LLC, and DOES 1 through 50<br>inclusive,<br><br>               Defendants. | Case No.: 5:13-CV-02411-EJD<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS**<br><br>**[Re: Docket No. 7]** |

Presently before the Court is Defendant Wells Fargo Bank, N.A.'s ("Defendant") Motion to Dismiss Plaintiff Illumindada Kenery's Complaint. See Docket No. 7. The Court found these matters appropriate for decision without oral argument pursuant to Local Civil Rule 7–1(b), and previously vacated the corresponding hearing date. Having carefully reviewed the parties' submissions, the Court GRANTS Defendant's Motion to Dismiss.

Case No.: 5:13-CV-02411-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**United States District Court**
For the Northern District of California

## I.  BACKGROUND

The following facts are taken from Plaintiff's Complaint and regarded as true for the purposes of this motion.  In or around April 2008, Plaintiff went to an entity known as Wachovia Mortgage, FSB ("Wachovia") in order to obtain a loan for the refinance of a residential property located in San Jose, CA ("the property").  Docket No. 1, Ex. A, Complaint ¶¶ 7-9.  In or around April 2008, Plaintiff entered into a consumer credit transaction with Wachovia by obtaining an approximately $587,000 mortgage loan ("Note") secured by a First Deed of Trust on the property in favor of Wachovia.  Id. ¶ 10.  The Note was transferred from Wachovia through various entities, and throughout the years, various entities identified themselves to Plaintiff as "servicers."  Id. Defendant now claims to be the note holder, the lender, and the beneficiary, but Plaintiff alleges that neither Wells Fargo Bank, N.A., nor any of the other Defendants named in the suit, have any estate, right, title, lien, or interest in the property.  Id.

In or around February 2012, Plaintiff suffered economic hardship as a result of the faltering economy, resulting in Plaintiff falling behind on the Note.  Id. ¶ 11.  Plaintiff submitted a loan modification application to Defendant but was denied, despite allegedly being qualified.  Id. Defendant initiated foreclosure proceedings against the property.  Id. ¶ 12.  Plaintiff filed the instant action in the Superior Court of the State of California for the County of Santa Clara, which Defendant subsequently removed to the Northern District of California.

## II.  LEGAL STANDARD

### a.  Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.

Case No.: 5:13-CV-02411-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the

2   speculative level" such that the claim "is plausible on its face."  Twombly, 550 U.S. at 556–57.

3        When deciding whether to grant a motion to dismiss, the court generally "may not consider

4   any material beyond the pleadings."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d

5   1542, 1555 n. 19 (9th Cir. 1990).  The court must generally accept as true all "well-pleaded factual

6   allegations."  Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The court must also construe the alleged

7   facts in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th

8   Cir. 1988).  However, the court may consider material submitted as part of the complaint or relied

9   upon in the complaint, and may also consider material subject to judicial notice.  See Lee v. City of

10   Los Angeles, 250 F.3d 668, 688–69 (9th Cir. 2001).

11             **b.  Preemption under HOLA**

12        The federal preemption doctrine stems from the Supremacy Clause, U.S. Const. art. VI, cl.

13   2, and the "fundamental principle of the Constitution [ ] that Congress has the power to preempt

14   state law."  Crosby v. Nat'l Foreign Trade Council, 530 U.S. 363, 372 (2000).

15        Generally, "[p]reemption analysis 'start[s] with the assumption that the historic police

16   powers of the States were not to be superseded by the Federal Act unless that was the clear and

17   manifest purpose of Congress.'"  City of Columbus v. Ours Garage & Wrecking Service, Inc., 536

18   U.S. 424, 438 (2002) (quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996)).  Congressional

19   intent is therefore the "ultimate touchstone" of preemption inquiry.  Medtronic, 518 U.S. at 485.

20   Such intent may be "explicitly stated in the statute's language or implicitly contained in its

21   structure and purpose."  Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 152–53

22   (1982).  State law may also be preempted by federal regulations.  Id. at 153.  "Where Congress has

23   directed an administrator to exercise his discretion, his judgments are subject to judicial review

24   only to determine whether he has exceeded his statutory authority or acted arbitrarily."  Id.  If these

25   conditions are met, "the statutorily authorized regulations of an agency will pre-empt any state or

26   local law that conflicts with such regulations or frustrates the purposes thereof."  New York v. Fed.

27   Commc'ns Comm'n, 486 U.S. 57, 64 (1988).

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  There are times when the traditional presumption against preemption does not apply.

2  Indeed, the presumption is "not triggered when the State regulates in an area where there has been

3  a history of significant federal presence." United States v. Locke, 529 U.S. 89, 108 (2000).  As

4  relevant here, "Congress has legislated in the field of banking from the days of McCulloch v.

5  Maryland, 17 U.S. 316, 325–26 (1819), creating an extensive federal statutory and regulatory

6  scheme." Bank of Am. v. City & County of San Francisco, 309 F.3d 551, 558 (9th Cir. 2002). The

7  Home Owners' Loan Act ("HOLA") was enacted "to charter savings associations under federal

8  law, at a time when record numbers of home loans were in default and a staggering number of

9  state-chartered savings associations were insolvent." Silvas v. E*Trade Mortg. Corp., 514 F.3d

10  1001, 1004 (9th Cir. 2008).  One of HOLA's central purposes was to restore public confidence in

11  the banking system by consolidating the regulation of savings and loan associations with the

12  federal government.  Id.  To achieve this purpose, Congress authorized the Office of Thrift

13  Supervision ("OTS") to promulgate regulations governing federal savings associations.  12 U.S.C.

14  § 1464; Silvas, 514 F.3d at 1005. OTS occupies the entire field in that regard.  12 C.F.R. §

15  560.2(a).

16  HOLA's implementing regulations set forth a list, "without limitation," of the categories of

17  state laws that are expressly preempted:

18  The terms of credit, including amortization of loans and the deferral and capitalization of

19  interest and adjustments to the interest rate, balance, payments due, or term to maturity of

20  the loan, including the circumstances under which a loan may be called due and payable

21  upon the passage of time or a specified event external to the loan;

22  . . .

23  Disclosure and advertising, including laws requiring specific statements, information, or

24  other content to be included in credit application forms, credit solicitations, billing

25  statements, credit contracts, or other credit-related documents and laws requiring creditors

26  to supply copies of credit reports to borrowers or applicants;

27  . . .

28

4

1    Processing, origination, servicing, sale or purchase of, or investment or participation in,

2    mortgages. . .

3    12 C.F.R. § 560.2(b)(4), (b)(9)-(10).

4    Although HOLA and its related regulations have been described as "so pervasive as to

5    leave no room for state regulatory control," state laws may nonetheless survive a preemption claim

6    in limited circumstances. Conference of Fed. Sav. & Loan Ass'ns v. Stein, 604 F.2d 1256, 1260

7    (9th Cir. 1979). Those state laws which "only incidentally affect the lending operations of Federal

8    savings associations or are otherwise consistent with the purposes of" the regulations may not be

9    preempted." 12 C.F.R. § 560.2(c) (emphasis added). In order to determine whether a particular

10   state law has such an effect, the Ninth Circuit has provided the following process:

11       When analyzing the status of state laws under § 560.2, the first step will be to determine

12       whether the type of law in question is listed in paragraph (b). If so, the analysis will end

13       there; the law is preempted. If the law is not covered by paragraph (b), the next question is

14       whether the law affects lending. If it does, then, in accordance with paragraph (a), the

15       presumption arises that the law is preempted. This presumption can be reversed only if the

16       law can clearly be shown to fit within the confines of paragraph (c). For these purposes,

17       paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor

18       of preemption.

19       Silvas, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed.Reg. 50951, 50966–67 (Sep. 30,

20   1996)).

21   **III.DISCUSSION**

22       Plaintiff's Complaint contains seven causes of action based on California law. Defendant

23   contends that all seven causes of action are preempted by HOLA. More specifically, Defendant

24   argues that Plaintiff's claims fall within 12 C.F.R. § 560.2, which provides for HOLA preemption

25   of state laws purporting to impose requirements regarding, *inter alia*, the terms of credit of a loan

26   and the processing, origination, sale, or servicing of mortgages.

27       As a threshold matter, it is important to note that Plaintiff obtained her loan from Wachovia

28   in 2008. Both parties have acknowledged that Wachovia was a federal savings association in 2008.

5

United States District Court
For the Northern District of California

1   Wachovia, and Plaintiff's loan, were subsequently acquired by Defendant, a national banking

2   association.  Because HOLA preempts state laws affecting the operations of federal savings

3   associations and not national banks, 12 C.F.R. § 560.2(a), Plaintiff argues that HOLA preemption

4   cannot be applied to her claims.

5            **a.   Whether a HOLA preemption analysis is appropriate**

6            The Ninth Circuit Court of Appeals has not directly addressed this issue.  Numerous courts,

7   including this one, have held that HOLA preemption applies to all conduct relating to the loan.

8   Sato v. Wachovia Mortgage, FSB, 2011 WL 2784567 (N.D. Cal. July 13, 2011); DeLeon v. Wells

9   Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010); Haggarty v. Wells Fargo Bank,

10  N.A., 2011 WL 445183 (N.D. Cal. Feb. 2, 2011); Guerrero v. Wells Fargo Bank, N.A., 2010 U.S.

11  Dist. LEXIS 96261, at *8–9 (C.D. Cal. Sep. 14, 2010); Zlotnik v. U.S. Bancorp, 2009 U.S. Dist.

12  LEXIS 119857, at *17–19 (N.D. Cal. Dec. 22, 2009).  Thus, under the Court's precedent,

13  Plaintiff's claims would be subject to the HOLA preemption analysis even though Defendant is not

14  a national bank.

15           However, there is a growing divide in the district courts' treatment of this issue.  In

16  Leghorn v. Wells Fargo Bank, N.A., 2013 WL 3064548 (N.D. Cal. June 19, 2013), the court

17  recognized that the district courts have taken three distinct positions on this issue.  The first

18  position is the one described in the preceding paragraph and previously taken by this Court.  The

19  second position, which Plaintiff advocates, is that HOLA preemption does not apply to Wells

20  Fargo because it is a national bank.  See, e.g., Gerber v. Wells Fargo Bank, N.A., 2012 WL 413997

21  (D. Ariz. Feb. 9, 2012); Albizo v. Wachovia Mortgage, 2012 WL 1413996 (E.D. Cal. Apr. 20,

22  2012).  The third position is that whether HOLA preemption applies depends on whether the claims

23  arise from actions taken by the federal savings association or from actions taken by the national

24  bank.  Under the third line of cases, only those claims arising from actions taken by the federal

25  savings association would be subject to a HOLA preemption analysis.  If the loan is later sold to a

26  national bank and the plaintiff's claims arise from actions taken by the national bank, those claims

27  would not be subject to a HOLA preemption analysis.

28

Case No.: 5:13-CV-02411-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Having scrutinized the three different positions, the Court respectfully declines to deviate from its previous holding.  Because a higher court has not yet provided clear guidance on this issue, and because the Court is not convinced by subsequent district court opinions that its prior determinations are in error, the Court will apply the HOLA preemption analysis here.

### b.  Whether HOLA preempts Plaintiff's claims

Having decided as a threshold matter that it is appropriate to apply a HOLA preemption analysis to Plaintiff's claims, the Court must now decide if any of Plaintiff's claims are actually preempted by HOLA.

### i.  Cal. Civ. Code § 2924(a)(6)

Plaintiff's first cause of action is for a violation of Cal. Civ. Code § 2924(a)(6).  Section 2924(a)(6) prevents an entity from initiating the foreclosure process "unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest."  Plaintiff alleges that Defendant violated this section because Defendant has no interest in the deed of trust.

Plaintiff's claim is preempted by HOLA because it seeks to apply § 2924(a)(6) to impose requirements on the initiation of the foreclosure process.  Sami v. Wells Fargo Bank, 2012 WL 967051, at *8 (N.D. Cal. Mar. 21, 2012); Deschaine v. IndyMac Mortgage Servs., 2013 WL 6054456, at *9 (E.D. Cal. Nov. 15, 2013).

Because § 2924(a)(6) is preempted by HOLA, Plaintiff's claim can not possibly be cured by the allegation of other facts.  Under such circumstances, dismissal with prejudice is appropriate.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, Plaintiff's first cause of action is DISMISSED with prejudice.

### ii.  Cal. Civ. Code  § 2924.17

Plaintiff's second cause of action is for a violation of Cal. Civ. Code § 2924.17, which provides for civil penalties for multiple and uncorrected violations of recording and filing requirements listed in § 2924.17(a).  It is preempted because it imposes requirements on the processing and servicing of mortgages.  Marquez v. Wells Fargo Bank, N.A., 2013 WL 5141689,

Case No.: 5:13-CV-02411-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

at *5 (N.D. Cal. Sept. 13, 2013).  Because § 2924.17 is also preempted by HOLA, Plaintiff's second cause of action is DISMISSED with prejudice.

### iii.   Cal. Civ. Code § 2923.5

Plaintiff's fourth cause of action alleges that Defendant violated Cal. Civ. Code § 2923.5 by failing to comply with its notice requirements.  Because § 2923.5 affects the servicing of mortgages, it is preempted by HOLA.  DeLeon, 729 F. Supp. 2d at 1126 (collecting cases). Plaintiff's fourth cause of action is DISMISSED with prejudice.

### iv.  Quiet Title

Plaintiff's fifth cause of action is for quiet title.  However, in order to state a claim for quiet title, a plaintiff must allege that she is the rightful owner to the property, i.e. that she has satisfied her obligations under the deed of trust.  Kelley v. Mortgage Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).  "A mortgagor cannot quiet his title against the mortgagee without paying the debt secured."  Shimpones v. Stickney, 219 Cal. 637, 649, 28 P.2d 673 (1934). See also Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Kelley, 642 F. Supp. 2d at 1057 ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title.")  Plaintiff has not alleged that she has tendered the outstanding debt nor that she has the ability to do so and therefore does not state a claim for quiet title.

It is true, as Plaintiff argues, that when a borrower challenges the validity of the underlying debt, a tender is not required since it would constitute an affirmation of the debt.  Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 112 (2011).  Here, however, Plaintiff's challenge to the validity of the underlying debt is based on Cal. Civ. Code § 2924, which is preempted as discussed above. Because Plaintiff cannot properly challenge the validity of the underlying debt, the exception to the tender requirement does not apply here.

Accordingly, Plaintiff's fifth cause of action is DISMISSED with leave to amend.  Leave to amend is appropriate because Plaintiff may be able to properly challenge the validity of the underlying debt by pleading additional facts.

Case No.: 5:13-CV-02411-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**United States District Court**
For the Northern District of California

### v.  Unfair Competition Law

Plaintiff's third cause of action is for a violation of Cal. Bus. & Prof. Code § 17200 ("Unfair Competition Law" or "UCL").  However, Plaintiff's claim appears to be based on the "unlawful" prong of the UCL.  See Pl.'s Opp. Brief at 12.  A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law.  Ingels v. Westwood One Broad. Servs., Inc., 129 Cal. App. 4th 1050, 1060 (2005) (citing Scripps Clinic v. Super. Ct., 108 Cal. App. 4th 917, 938 (2003)).  Because the laws at issue are preempted by HOLA, Plaintiff is unable to state a claim for a violation of the unlawful prong of the UCL.

Accordingly, Plaintiff's third cause of action is DISMISSED with leave to amend.  Leave to amend is appropriate because Plaintiff may be able to state a claim under the UCL with the allegation of other facts.

### vi.  Declaratory and injunctive relief

Plaintiff's sixth and seventh causes of action, for declaratory and injunctive relief, are both based on violations of the state laws discussed above.  However, because the rest of Plaintiff's claims are dismissed, Plaintiff's request for injunctive relief must also be dismissed.  "A request for injunctive relief by itself does not state a cause of action . . ."  Mbaba v. Indymac Federal Bank F.S.B., 2010 WL 424363, at *4 (E.D. Cal. Jan. 27, 2010); see also Edejer v. DHI Mortgage Co., 2009 WL 1684714, at *10 (N.D. Cal. June 12, 2009).  A pleading can, as the FAC does here, request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate.  Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010).

Similar reasoning applies to Plaintiff's cause of action for declaratory relief.  A claim for declaratory relief "rises or falls with [the] other claims."  See Surf & Sand, LLC v. City of Capitola, 2008 WL 2225684, at *2 n. 5 (N.D. Cal. May 28, 2008).  Because Plaintiff has not alleged any causes of action that would support declaratory relief, the Court will dismiss this claim as well.  Ballard v. Chase Bank USA, NA, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010).

Accordingly, Plaintiff's sixth and seventh causes of action shall be DISMISSED with leave to amend.

9

1

2

3

4

5

6

7

8

9

10

United States District Court
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.  Any amended complaint must be filed within thirty days of the date of this Order.  Plaintiff is advised that she may not add new claims or parties without first obtaining Defendant's consent or leave of court pursuant to Federal Rules of Civil Procedure 15.  Plaintiff is further advised that failure to amend the complaint in a manner consistent with this Order may result in the dismissal of this action.

Defendant's Request for Judicial Notice and Supplemental Request for Judicial Notice are DENIED as the Court did not consider those documents in its decision.

**IT IS SO ORDERED**

Dated: January 14, 2014



EDWARD J. DAVILA
United States District Judge

10

Case No.: 5:13-CV-02411-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS