United States District Court
For the Northern District of California

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ILLUMINADA KENERY,

Plaintiff,

v.

WELLS FARGO, N.A., a National Association, WELLS FARGO HOME MORTGAGE, INC., NDEX WEST, LLC, and Does 1 through 50, inclusive,

Defendants.

Case No. 5:13-cv-02411-BLF

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AS TO CLAIM 1 AND WITHOUT LEAVE TO AMEND AS TO CLAIMS 2 AND 3**

[Re: ECF 32]

Plaintiff Illuminada Kenery filed this action to stop a trustee's sale of her home following her default on a mortgage loan. She sues Wells Fargo, N.A., the beneficiary under the deed of trust securing the loan; Wells Fargo Home Mortgage, Inc., a division of Wells Fargo, N.A.; and NDeX West, LLC, the trustee under the deed of trust. Defendants move to dismiss Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants assert that Plaintiff's claims are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.*, and alternatively that she has failed to allege facts entitling her to relief.

The Court has considered the briefing submitted by the parties.[1] For the reasons discussed below, the motion is GRANTED with leave to amend as to Claim 1 and without leave to amend as to Claims 2 and 3.

[1] The motion was submitted without oral argument on August 12, 2014. (ECF 52)

United States District Court
For the Northern District of California

## I. BACKGROUND

As alleged in the FAC, in April 2008, Plaintiff entered into an agreement with Wachovia Mortgage, FSB to refinance her home mortgage loan in the amount of $587,000. (FAC ¶¶ 9-10, ECF 31)[2] Plaintiff secured the loan with a first deed of trust on her home. (*Id.* ¶ 10; Defs.' RJN Exh. A (Deed of Trust), ECF 33)[3] Plaintiff alleges on information and belief that Wachovia securitized the note and that the note was "split from the First Deed of Trust." (FAC ¶ 10) She further alleges that throughout the years, various entities identified themselves to Plaintiff as "servicers." (*Id.*) Plaintiff alleges that as a result of the securitization of the note, Defendants have no interest in the Deed of Trust and no "estate, right, title, lien or interest in the Property." (*Id.*)

In November 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. ("Wells Fargo"). (RJN Exh. E (Certification), ECF 33)

In February 2012, Plaintiff's husband died and she suffered economic hardship. (FAC ¶ 11) Plaintiff fell behind on her loan payments. (*Id.*) She submitted at least two applications for loan modification, which were denied. (*Id.* ¶¶ 12-13) Plaintiff alleges that she was eligible for loan modification under the Home Affordable Mortgage Program ("HAMP") and under California Civil Code § 2923.5, and that the denials of her applications for modification were "wrongful." (*Id.* ¶¶ 13-14)

In September 2012, NDeX West, LLC ("NDeX"), acting as an agent for Wells Fargo, recorded a notice of default and election to sell in the Santa Clara County Recorder's Office. (RJN Exh. G, ECF 33) In October 2012, Wells Fargo substituted NDeX as the trustee under the deed of trust. (RJN Exh. H) In December 2012, NDeX recorded a notice of trustee's sale stating that Plaintiff was in default and that a trustee's sale had been scheduled for January 15, 2013. (RJN Exh. I)

It is not clear from the record whether the trustee's sale occurred as scheduled. The Court

---

[2] Plaintiff's factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

[3] The Court addresses the merits of Defendants' request for judicial notice in section III.A., below.

presumes that it did not, because on April 23, 2013, Plaintiff filed this action in the Santa Clara County Superior Court, seeking to stop Defendants' sale of the property. (Not. of Rem. Exh. A, ECF 1) Wells Fargo removed the action to federal district court on the basis of diversity of citizenship. (Not. of Rem. at 2) On January 14, 2014, the Court dismissed the majority of Plaintiff's claims as preempted by HOLA and dismissed her remaining claims for injunctive and declaratory relief as derivative of the preempted claims. (Order Granting Mot. to Dismiss, ECF 29) The Court granted Plaintiff leave to amend with respect to her claims under California's unfair competition law ("UCL"), to quiet title, and for injunctive and declaratory relief. (*Id.*) The Court denied leave to amend as to all other claims. (*Id.*)

Plaintiff filed the operative FAC on February 12, 2014, asserting claims for: (1) violation of California's UCL, (2) quiet title, and (3) declaratory relief. Wells Fargo filed the present motion to dismiss on February 26, 2014. On April 4, 2014, NDeX filed a notice of joinder in the motion to dismiss.[4] The case was reassigned to the undersigned judge on April 17, 2014.

## II. LEGAL STANDARDS

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A

---

[4] The Court concludes that NDeX's joinder in Wells Fargo's motion is appropriate, as Wells Fargo's arguments apply equally to NDeX.

United States District Court
For the Northern District of California

claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III. DISCUSSION**

Defendants contend that Plaintiff's claims are preempted by HOLA and alternatively that she has failed to allege sufficient facts entitling her to relief. Before turning to the merits of those arguments, the Court addresses Wells Fargo's request for judicial notice and Plaintiff's suggestion that removal of the action was improper.

**A. Judicial Notice**

Wells Fargo has filed a request for judicial notice of nine documents, attached to the request as Exhibits A through I: (A) Deed of Trust; (B) Certificate of Corporate Existence issued by the Office of Thrift Supervision; (C) Office of Thrift Supervision's authorization of name change from World Savings Bank, FSB to Wachovia Mortgage, FSB; (D) Charter of Wachovia Mortgage, FSB; (E) Certification of Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.; (F) Printout from the website of the Federal Deposit Insurance Corporation dated December 15, 2010, showing the history of Wachovia Mortgage, FSB; (G) Notice of Default; (H) Substitution of Trustee; and (I) Notice of Trustee's Sale. (Defs.' RJN, ECF 33)

Judicial notice is appropriate with respect to Exhibits A, G, H, and I because they are documents publicly filed with the Santa Clara County Recorder. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of matters of public record). Judicial notice is appropriate with respect to Exhibit F because it is a printout from a government website. *See Cachil Dehe Band of Wintun Indians of the Colusa Indian Comm'ty v. Cal.*, 547 F.3d 962, 969 n.4 (9th Cir. 2008) (taking judicial notice of information located on California Gambling Control Commission website). Finally, judicial notice is appropriate with respect to Exhibits B, C, D, and E, because they reflect official acts of the Executive Branch. *See Graybill v. Wells Fargo Bank, N.A.*, 953 F. Supp. 2d 1091, 1093 n.2 (N.D. Cal. 2013) (court may take judicial notice of "records reflecting official acts of the Executive Branch, without converting a motion to dismiss into a motion for summary judgment").

Plaintiff has neither opposed the request for judicial notice nor disputed the authenticity of the documents. The request for judicial notice is GRANTED.

**B. Subject Matter Jurisdiction**

Plaintiff asserts in her opposition that removal of the action was "without adequate basis." (Pl.'s Opp. at 3, ECF 34) Wells Fargo removed on the basis of diversity of citizenship. (Not. of Removal at 2, ECF 1) It is not clear whether Plaintiff intends her assertion to be a challenge to diversity jurisdiction. However, the Court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

Where, as here, Plaintiff is a citizen of California (*see* FAC ¶ 1, ECF 31), jurisdiction based upon diversity of citizenship can be established only so long as none of the defendants is a citizen of California. *See* 28 U.S.C. § 1332(a); *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Recently, the Ninth Circuit clarified that Wells Fargo, N.A. is a citizen only of South Dakota. *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that for diversity purposes a national bank is a citizen only of the state in which its main office is located, which for Wells Fargo is South Dakota).[5] There does not appear to be any dispute with respect to the citizenship of the remaining defendants. The Notice of Removal asserted that Wells Fargo, N.A. had been sued herein erroneously as "Wells Fargo Home Mortgage, Inc." That assertion has not been challenged by Plaintiff. Moreover, at least one district court has held that because "Wells Fargo Home Mortgage, Inc. merged into Wells Fargo Bank, N.A. on May 8, 2004, and ceased to exist as a separate entity," the citizenship of Wells Fargo Home Mortgage "is of no consequence when considering the Court's diversity jurisdiction." *Vasquez v. Wells Fargo Home Mortg.*, No. 11cv462 L(WMC), 2012 WL 985308, at *2 (S.D. Cal. Mar. 22, 2012). Finally, the Notice of Removal established that NDeX is a citizen of Delaware, Texas, Michigan, and Minnesota, but not

---

[5] Prior to the *Rouse* decision, it has been unclear whether Wells Fargo should be considered a citizen of California for diversity purposes – the Ninth Circuit Court of Appeals had not opined and district courts within the circuit were split. *See, e.g.*, *Grace v. Wells Fargo Bank, N.A.*, 926 F. Supp. 2d 1173, 1178 (S.D. Cal. 2013) (finding Wells Fargo to be a citizen of both South Dakota and California); *Flores v. Wells Fargo Bank, N.A.*, No. 3:11-CV-06619 JSC, 2012 WL 832546, at *5 (N.D. Cal. Mar. 12, 2012) (finding Wells Fargo to be a citizen only of South Dakota).

United States District Court
For the Northern District of California

of California. (Not. of Rem. at 3, ECF 1)

It also appears from the face of the FAC that the amount in controversy exceeds $75,000. (*See* FAC ¶ 10, ECF 31) Accordingly, the Court concludes that diversity jurisdiction has been established under 28 U.S.C. § 1332.

**C. Preemption Under HOLA**

Defendants' primary argument supporting dismissal of this action is that all of Plaintiff's claims are preempted by the Home Owners' Loan Act. The Court has reviewed HOLA and applicable case authority evaluating the preemption issue in cases similar to the case at bar.

The Ninth Circuit Court of Appeals has held that HOLA preempts state law. *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008). Applying *field* preemption, the Ninth Circuit ruled that the scope of preemption under HOLA is broad. "HOLA was designed to restore public confidence by creating a nationwide system of federal savings and loan associations to be centrally regulated according to nationwide best practices." *Id.* (internal quotation marks and citation omitted). The Ninth Circuit has "described HOLA and its following agency regulations as a 'radical and comprehensive response to the inadequacies of the existing state system,' and 'so pervasive as to leave no room for state regulatory control.'" *Id.* at 1004-05 (quoting *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1257, 1260 (9th Cir. 1979). In cases invoking preemption under HOLA, the presumption against preemption does not apply. *Id*. at 1005

Under HOLA, the Office of Thrift Supervision ("OTS") has extensive authority to govern federal savings associations. *Silvas*, 514 F.3d at 1005. OTS has promulgated a regulation that expressly "occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2(a). Section 560.2(b) lists thirteen categories of state laws preempted by HOLA, but makes clear that the scope of preemption includes, but is not limited to, those categories. 12 C.F.R. § 560.2(b). Perhaps most relevant here, HOLA expressly preempts "state laws purporting to impose requirements regarding . . . [t]he terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan." 12 C.F.R. § 560.2(b)(4). HOLA

United States District Court
For the Northern District of California

also preempts state laws imposing requirements on "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(10). Section 560.2(c) lists categories of state laws that are not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of" the regulation. 12 C.F.R. § 560.2(c). The list includes contract law and real property law. 12 C.F.R. § 560.2(c)(1), (c)(2).

**1. HOLA's Application in this Case**

Previously, this Court concluded that HOLA preempted the claims alleged in the Complaint. (Order Granting Mot. to Dismiss, ECF 29) Plaintiff was granted leave to amend several of those claims so that she could attempt to allege facts demonstrating that HOLA preemption does not apply. (*Id.*) Following that amendment, the case was reassigned to the undersigned (*see* unnumbered docket entry dated Apr. 17, 2014). Because the undersigned is addressing HOLA preemption for the first time, the following HOLA preemption analysis is provided. The Court must consider two questions: (1) whether HOLA applies to Defendants, and (2) whether HOLA applies to Plaintiff's claims.

**2. HOLA's Application to these Defendants**

As to the first issue, the Court must determine whether HOLA preemption applies to Defendants. Wachovia Mortgage, FSB, the bank that issued the loan in question, was a federal savings bank governed by the OTS under the provisions of HOLA. (*See* RJN Exhs. B, C) However, on November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. (RJN Exh. E (Certification), ECF 33) Following the conversion of the banking entity from a federal savings bank to a national banking association, the governing regulatory agency changed from the OTS to the Comptroller of the Currency ("OCC"). *See* 12 U.S.C. § 371(a) ("Any national banking association may make, arrange, purchase or sell loans or extensions of credit secured by liens on interests in real estate, subject to . . . such restrictions and requirements as the Comptroller of the Currency may prescribe by regulation or order."); *see also Bank of America v. City and County of San Francisco*, 309 F.3d 551, 561-63 (9th Cir. 2002) (discussing authority of OCC under National Banking Act) .

United States District Court
For the Northern District of California

The claims at issue in this action relate to actions taken by both Wachovia and Wells Fargo.

As previously pointed out by this Court in its ruling on the initial motion to dismiss, the Ninth Circuit Court of Appeals has not directly addressed the issue of the scope of HOLA preemption where a loan that originated with a bank subject to OTS supervision later is held by a bank regulated by the OCC under the National Bank Act ("NBA"), 12 USC sec. 1, *et seq*. In the absence of controlling authority, district courts have taken three distinct approaches when confronted with this situation, and in particular, when confronted with mortgages that originated with Wachovia but are held by Wells Fargo at the time of suit. Under the first approach, the presiding court applies a HOLA preemption analysis to all claims related to the mortgage regardless of whether the claims arose before or after Wachovia merged into Wells Fargo. *See, e.g., Lothlen v. Wells Fargo Bank, N.A.*, No. C 13-00922 SI, 2013 WL 6185527, at *2 n.3 (N.D. Cal. Nov. 26, 2013) ("[C]laims regarding foreclosures occurring after Wells Fargo's merger with Wachovia are still generally covered by HOLA so long as the loan itself originated pre-merger."); *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010) ("[A]lthough Wells Fargo itself is not subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because Plaintiff's loan originated with a federal savings bank and was therefore subject to the requirements set forth in HOLA and OTS regulations.").

Under the second approach, the court declines to apply a HOLA preemption analysis to Wells Fargo on the ground that it is a national bank and thus not subject to HOLA. *See Gerber v. Wells Fargo Bank, N.A.*, No. CV 11-01083-PHX-NVW, 2012 WL 413997, at *4 (D. Ariz. Feb. 9, 2012) ("[P]reemption is not some sort of asset that can be bargained, sold, or transferred. . . . HOLA preemption does not apply to Wells Fargo.").

Finally, under the third approach, the court applies a HOLA preemption analysis only to those claims arising from actions taken by Wachovia and not to claims arising from actions taken by Wells Fargo. *See Rodriguez v. U.S. Bank Nat. Ass'n*, No. C 12-00989 WHA, 2012 WL 1996929, at *7 (N.D. Cal. June 4, 2012) ("This Court has taken the position that whether HOLA governs the action depends on when the alleged conduct occurred."). "[A] growing number of courts, including many within this District, have held that whether HOLA preemption applies depends on whether the

claims arise from actions taken by the federal savings association or from actions taken by the national bank." *Hixson v. Wells Fargo Bank NA*, No. C 14-285 SI, 2014 WL 3870004, at *3 (N.D. Cal. Aug. 6, 2014) (collecting cases).

Having considered the legal rationales supporting each of the three approaches to HOLA preemption, this Court finds most persuasive the rationale supporting application of HOLA preemption only to those actions taken by a federal savings association covered by HOLA. In the present case, Plaintiff alleges that the loan originated with Wachovia in 2008 (FAC ¶ 10), at which time Wachovia was subject to OTS supervision (RJN Exhs. B, C). Thus, Wells Fargo may assert HOLA preemption with respect to claims arising out of Wachovia's conduct. However, claims arising out of conduct subsequent to Wachovia's November 1, 2009 conversion to a national bank are not subject to HOLA preemption.

The Court adopts this approach in recognition that HOLA imposes a complete regulatory process on federal savings associations. In return for the protections afforded under the broad scope of federal preemption, those banks are subject to an array of regulations that proscribe their conduct and protect consumers in general. Wells Fargo has not submitted any evidence that it has subjected itself to OTS supervision with respect to Plaintiff's loan or any of the numerous other Wachovia loans it took over in the merger. The Court concludes that Wells Fargo may not avail itself of the benefits of HOLA without bearing the corresponding burdens.[6]

**3. Application of HOLA Preemption to the Claims in the FAC**

The second prong of the preemption analysis requires the Court to consider whether the claims pertaining to conduct before November 1, 2009 are based on laws that HOLA preempts. The Ninth Circuit has adopted the process developed by OTS to determine whether a state law is preempted under 12 C.F.R. § 560.2(b):

When analyzing the status of state laws under § 560.2, the first step will be to

[6] As noted above, Wells Fargo is a national bank subject to regulation by the OCC under the National Bank Act, 12 USC sec. 1, *et seq*. While the NBA potentially could give rise to preemption of claims arising out of Wells Fargo's post-merger conduct, Defendants have not asserted a preemption defense based upon the NBA. Accordingly, the Court does not consider whether or to what extent NBA preemption might apply here.

> determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

*Silvas*, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)).

The FAC pleads three causes of action: (1) violation of California's UCL, (2) quite title, and (3) declaratory relief. Although little is clear in the FAC, the Court has determined that limited conclusions can be reached from its review of the pleading.

The FAC refers to the allegedly improper "securitization" of the note and the "split" of the note from the deed of trust. (FAC ¶¶ 10, 19) It is difficult to determine from the FAC whether any claim is based on the act of securitization or whether Plaintiff intended to allege that the securitization set in motion other events that form the bases of her claims. To the extent that any of Plaintiff's claims are based upon her securitization theory, they are preempted. *See Lothen*, 2013 WL 6185527, at *3 ("Numerous district courts in this circuit have previously determined that HOLA preempts claims based on the proposition that a lender wrongfully securitized a loan and that it may not foreclose because it does not hold the note.") (internal quotation marks and citations omitted).

All of Plaintiff's remaining claims appear to be grounded in Wells Fargo's conduct in denying her applications for loan modification and scheduling a trustee's sale. For the reasons discussed above, those claims are not subject to a HOLA preemption analysis.

**D. Plaintiff has Failed to Allege Sufficient Facts to State a Claim**

Although Defendants' primary argument for dismissal is based on HOLA, they argue in the alternative that Plaintiff has failed to state a claim for violation of California's UCL, to quiet title, or for declaratory relief. The question before the Court is whether Plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This "facial plausibility" standard requires Plaintiff to allege facts that, taken as whole, demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Moreover, "[a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

The pleading deficiencies with respect to each of Plaintiff's claims are discussed as follows.

**1. California's UCL**

Claim 1 asserts a violation of California Business & Professions Code § 17200 *et seq*. In order to state a claim for relief under that provision, Plaintiff must allege facts showing that Defendants engaged in an "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). The Court addresses each of the prongs in turn.

**a. Unlawful**

"By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (internal quotation marks and citation omitted). "It does not matter whether the underlying statute also provides for a private cause of action; section 17200 can form the basis for a private cause of action even if the predicate statute does not." *Id.*

Claim 1 does not identify any law upon which to piggyback a § 17200 claim; in fact the only statute mentioned in Claim 1 is § 17200 itself. (FAC ¶¶ 15-22, ECF 31). To the extent that the UCL claim is based on unlawful securitization of the loan, as alleged in paragraph 19 of the FAC, the claim is preempted under HOLA and is dismissed without leave to amend.

Because the basis for this claim is unclear, the Court will grant Plaintiff leave to amend to allege sufficient facts to establish some other unlawful conduct.

**b. Unfair**

In consumer cases, such as this, "the UCL does not define the term 'unfair' as used in Business and Professions Code section 17200." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1364 (2010). The California Supreme Court has not established a definitive test to determine whether a business practice is unfair either. *Phipps v. Wells Fargo Bank, N.A.*, No. CV F 10-2025

LJO SKO, 2011 WL 302803, at *16 (E.D. Cal. Jan. 27, 2011). Three lines of authority have developed among the California Courts of Appeal. In the first line, the test requires "that the public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." *Drum v. San Fernando Valley Bar Ass'n* 182 Cal. App. 4th 247, 257 (2010) (internal quotation marks and citation omitted). A second line of cases applies a test to determine whether the identified business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Id.* (internal quotation marks and citation omitted). The third test draws the definition of "unfair" from antitrust law and requires that "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Id.* (internal quotation marks and citation omitted).

Claim 1 asserts that "Defendants deprived Plaintiff of his [sic] interest in the Real Property when they wrongfully securitized Plaintiff's note and deed of trust." (FAC ¶ 19, ECF 31) A similar allegation appears in an earlier paragraph of the FAC, which alleges that "[o]n information and belief, the Note was securitized and split from the First Deed of Trust." (*Id.* ¶ 10) Plaintiff appears to believe that as a result of this "securitization," "none of the Defendants have any estate, right, title, lien or interest in the PROPERTY." (*Id.*) These allegations do not set forth facts necessary to satisfy the pleading requirements for any of the three possible theories of recovery under the "unfair" prong of the UCL. Moreover, to the extent that the claim is based on the alleged securitization of the note, it is preempted by HOLA as described above.

Because the basis for this claim is unclear, the Court will grant Plaintiff leave to amend to allege sufficient facts to establish some other unfair conduct.

**c. Fraudulent**

"A business practice is fraudulent under the UCL if members of the public are likely to be deceived." *Davis*, 691 F.3d at 1169. Allegations of fraud under § 17200 must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor Co.*,

United States District Court
For the Northern District of California

567 F.3d 1120, 1125 (9th Cir. 2009). While Claim 1 alleges in conclusory fashion that Defendants engaged in "fraudulent" practices, the claim contains no factual allegations from which the reader could even guess at the nature of such conduct. Additionally, to the extent that this claim is based on allegations of fraud related to the alleged securitization of the note, such claim is preempted. Because the basis for this claim is unclear, the Court will grant Plaintiff leave to amend to allege sufficient facts to establish some other fraudulent conduct.

Based upon the foregoing, the motion to dismiss is GRANTED with leave to amend as to Claim 1.

**E. Quiet Title**

Claim 2 seeks to quiet title to the property. "An action may be brought . . . to establish title against adverse claims to real or personal property or any interest therein." Cal. Civ. P. Code § 760.020(a). "A borrower may not, however, quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 86 (2013).

Plaintiff does not deny that she obtained the loan in question, nor does she allege that she has the ability to bring her loan payments current. It is not clear from the face of the FAC whether Plaintiff has made any loan payments since February 2012. (*See* FAC ¶¶ 11-14) Moreover, Plaintiff's quiet title claim appears to be based upon the meritless securitization/lack of ownership theory discussed herein in connection with her UCL and declaratory relief claims.

Accordingly, the motion to dismiss is GRANTED without leave to amend as to Claim 2.

**F. Declaratory Relief**

Claim 3 seeks a declaration that Defendants do not have the right to foreclose on Plaintiff's property. The FAC is devoid of any facts that would call into question Defendants' interest in the property or authority to proceed with a trustee's sale following Plaintiff's default on her mortgage loan. To the contrary, judicially noticeable documents establish that the original lender, Wachovia, merged into Wells Fargo (RJN Exh. E, ECF 33); that NDeX acted as Wells Fargo's agent in recording the notice of default in Santa Clara County (RJN Exh. G); and that Wells Fargo, as the beneficiary under the deed of trust, substituted NDeX as the trustee under the deed of trust (RJN

United States District Court
For the Northern District of California

Exh. H). In light of these documents, Plaintiff's conclusory allegation that Defendants lack any interest in the property is insufficient to state a claim for relief. *See In re Gilead*, 536 F.3d at 1055 (holding that the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (internal quotation marks and citations omitted).

Moreover, even if the note had been "split" from the deed of trust by assignment or otherwise, California law does not require possession of the note in order to initiate a non-judicial foreclosure sale. *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); *see also, Johnson v. Homecomings Fin*., No. 09cv1262 L(NLS), 2011 WL 4373975, at *7 (S.D. Cal. Sept. 20, 2011) (rejecting "the discredited theory that the deed in question was 'split' from the note through securitization, rendering the note unenforceable").

The motion to dismiss is GRANTED without leave to amend as to Claim 3.

## IV. ORDER

For the foregoing reasons,

(1) The request for judicial notice is GRANTED;

(2) The motion to dismiss is GRANTED with leave to amend as to Claim 1 and without leave to amend as to Claims 2 and 3;

(3) Leave to amend is limited to the claims addressed in this order; Plaintiff may not add additional claims or parties without express leave of the Court; and

(4) Any amended complaint shall be filed on or before September 12, 2014.

Dated: August 22, 2014

BETH LABSON FREEMAN
United States District Judge