**United States District Court**
For the Northern District of California

1

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8  **SAN JOSE DIVISION**

9

| | |
|---|---|
| ILLUMINADA KENERY, | Case No. 5:13-cv-02411-BLF |
| Plaintiff, | **ORDER GRANTING NDEX'S MOTION FOR JOINDER IN WELLS FARGO'S MOTION TO DISMISS; GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND AS TO NDEX; AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART AS TO WELLS FARGO AND WFHM** |
| v. | |
| WELLS FARGO, N.A., a National Association, WELLS FARGO HOME MORTGAGE, INC., NDEX WEST, LLC, and Does 1 through 50, inclusive, | |
| Defendants. | [Re: ECF 55, 57] |

17       Plaintiff Illuminada Kenery filed this action to stop a trustee's sale of her home following

18  her default on a mortgage loan.  She sues Wells Fargo, N.A. ("Wells Fargo"), the beneficiary under

19  the deed of trust securing the loan; Wells Fargo Home Mortgage, Inc. ("WFHM"), a division of

20  Wells Fargo, N.A.; and NDeX West, LLC ("NDeX"), the trustee under the deed of trust.

21  Defendants Wells Fargo and WFHM have filed a motion to dismiss Plaintiff's second amended

22  complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon

23  which relief may be granted.  Defendant NDeX has filed a motion for joinder in that motion.

24       The Court has considered the SAC, the briefing, and the relevant legal authorities.[1]  The

25  motion for joinder is GRANTED, as the arguments asserted in the motion to dismiss apply equally

26  to NDeX.  For the reasons discussed below, the motion to dismiss is GRANTED WITHOUT

27

28  [1] On December 19, 2014, the Court ordered that the motion be submitted without oral argument. *See* Docket Entry, ECF 65.

LEAVE TO AMEND as to NDeX and GRANTED WITH LEAVE TO AMEND IN PART AND
WITHOUT LEAVE TO AMEND IN PART as to Wells Fargo and WFHM.

**I.   BACKGROUND**

In April 2008, Plaintiff entered into an agreement with Wachovia Mortgage, FSB to
refinance her home mortgage loan in the amount of $587,000.[2]  SAC ¶ 10, ECF 54.  The loan was
secured with a first deed of trust on Plaintiff's home.  *Id.*  In November 2009, Wachovia Mortgage,
FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo
Bank, N.A.  RJN Exh. F, ECF 56.

In February 2012, Plaintiff's husband died and she suffered economic hardship.  SAC ¶ 11.
She defaulted on the loan.  *Id.*  She submitted at least two applications for loan modification
between February and December 2012.  *Id.* ¶ 12.  Plaintiff showed increased income, submitted all
required documentation, and was eligible for a loan modification under the Home Affordable
Mortgage Program ("HAMP") and under California Civil Code § 2923.5.  *Id.* ¶¶ 14-16.  Defendants
represented to Plaintiff that she was being reviewed for modification, *id.* ¶¶ 14, 30, and purported to
negotiate with her regarding options other than foreclosure, *id.* ¶ 16.  In reliance on Defendants'
representations that she was being reviewed for modification, Plaintiff elected to forego seeking
other unspecified alternatives to foreclosure.  *Id.* ¶ 30.  Defendants in fact never seriously
considered Plaintiff for modification and always intended to foreclose on the loan.  *Id.* ¶¶ 14, 16.
Plaintiff was not approved for modification.  *Id.* ¶ 14.  Defendants scheduled a trustee's sale of
Plaintiff's home for January 15, 2013.  *Id.* ¶ 22.  Plaintiff's SAC, which was filed nine months after
the scheduled sale, does not allege whether the sale has occurred.  Nor does the SAC allege the
current status of the foreclosure proceedings.

On April 23, 2013, Plaintiff filed this action in the Santa Clara County Superior Court.
Notice of Removal Exh. A, ECF 1.  Shortly thereafter, on May 16, 2013, Plaintiff sent a qualified
written request ("QWR") to Defendant WFHM pursuant to the Real Estate Settlement Procedures
Act ("RESPA").  SAC ¶ 17.  In the QWR, "Plaintiff requested copies of any assignment of her

---

[2] Plaintiff's factual allegations are accepted as true for purposes of the motion to dismiss.  *See Reese
v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1     mortgage or deed of trust required to demonstrate the right of Defendant to foreclose," and also

2     "requested copies of assignments to, as well as name and address of, each entity who has been

3     assigned the mortgage servicing rights as well as the beneficial interest to the payments on Plaintiff's

4     loan." *Id.* ¶¶ 18-19.  Defendants have not responded to Plaintiff's QWR.  *Id.* ¶¶ 20-21.

5            On May 28, 2013, Wells Fargo removed the action to federal district court on the basis of

6     diversity of citizenship.  *Id.* at 2.  Following two rounds of motion practice, which resulted in

7     dismissal of the majority of Plaintiff's claims without leave to amend, Plaintiff filed the operative

8     SAC asserting a single claim for violations of California's Unfair Competition Law ("UCL").  As

9     remedies for the alleged UCL violations, Plaintiff seeks compensatory, special, and general

10    damages, attorneys' fees and costs of suit, a declaration that she is the prevailing party, an injunction

11    prohibiting Defendants from selling the property and stating that Plaintiff is the rightful owner of the

12    property, and prejudgment interest.  SAC Prayer.

13    **II.     LEGAL STANDARDS**

14           "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

15    claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force*

16    *v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732

17    (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all

18    well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v.*

19    *BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not

20    "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations

21    that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re*

22    *Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations

23    omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient

24    factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

25    *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A

26    claim is facially plausible when it "allows the court to draw the reasonable inference that the

27    defendant is liable for the misconduct alleged."  *Id.*

28

United States District Court

For the Northern District of California

1  **III.    DISCUSSION**

2          **A.      Judicial Notice**

3          Wells Fargo has filed a request for judicial notice ("RJN") of ten documents, attached to the

4  RJN as Exhibits A through J:  (A) Fixed Rate Mortgage Note, Pick-A-Payment Loan, dated April

5  14, 2008; (B)  Deed of Trust dated April 14, 2008; (C) Certificate of Corporate Existence issued by

6  the Office of Thrift Supervision; (D) Office of Thrift Supervision's authorization of name change

7  from World Savings Bank, FSB to Wachovia Mortgage, FSB; (E) Charter of Wachovia Mortgage,

8  FSB; (F) Certification of Comptroller of the Currency stating that effective November 1, 2009,

9  Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with

10  and into Wells Fargo Bank, N.A.; (G) Notice of Default dated Sept. 21, 2012; (H) Substitution of

11  Trustee; (I) Notice of Trustee's Sale; and (J) printout from the California Secretary of State's

12  website.  Defs.' RJN, ECF 56.

13          Exhibit A, the Note, may be considered under the incorporation by reference doctrine.  *See*

14  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Judicial notice is appropriate with respect to

15  all of the remaining documents as matters of public record, *see Mir v. Little Co. of Mary Hosp.*, 844

16  F.2d 646, 649 (9th Cir. 1988); printouts from government websites, *see Cachil Dehe Band of*

17  *Wintun Indians of the Colusa Indian Comm'ty v. Cal.*, 547 F.3d 962, 969 n.4 (9th Cir. 2008); or

18  records reflecting official acts of the Executive Branch, *see Graybill v. Wells Fargo Bank, N.A.*, 953

19  F. Supp. 2d 1091, 1093 n.2 (N.D. Cal. 2013).

20          Plaintiff has neither opposed the request for judicial notice nor disputed the authenticity of

21  the documents.  The request for judicial notice is GRANTED.

22          **B.      UCL Claim**

23          Plaintiff's single remaining claim asserts violations of California's UCL.  California

24  Business & Professions Code § 17200 prohibits an individual or entity from engaging in an

25  "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.

26  "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice

27  violates any of the foregoing prongs."  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th

28  Cir. 2012).

**United States District Court**
For the Northern District of California

1    In addition to identifying a practice under one of the above prongs, a plaintiff must allege

2  that she has suffered (1) economic injury (2) as a result of the practice.  *See Kwikset Corp. v. Sup.*

3  *Ct.*, 51 Cal. 4th 310, 323 (2011).  Specifically, the plaintiff must allege that she "suffered injury in

4  fact and has *lost money or property as a result of the unfair competition.*"  Cal. Bus. & Prof. Code §

5  17204 (emphasis added).

6    Plaintiff previously asserted a UCL claim in her first amended complaint ("FAC").  That

7  claim was based upon Plaintiff's allegation that "Defendants deprived Plaintiff of his [sic] interest in

8  the Real Property when they wrongfully securitized Plaintiff's note and deed of trust."  FAC ¶ 19,

9  ECF 31.  Plaintiff also alleged that she had "lost money and title to the Real Property as a result of

10  Defendants' unlawful foreclosure and void documents."  *Id.*  The Court dismissed the UCL claim,

11  concluding that any claim based upon the alleged unlawful securitization of the loan was preempted

12  under the Home Owners' Loan Act.  Order of Aug. 22, 2014 at 11-13, ECF 53.  Because it was

13  unclear whether Plaintiff might be able to state a UCL claim based upon a different theory, the

14  Court granted leave to amend.

15    Plaintiff's current UCL claim – which actually comprises three separate claims asserted

16  under the unlawful prong, the unfair prong, and the fraudulent prong – is based upon new legal

17  theories.  Her claim under the unlawful prong is based upon Defendants' alleged failure to respond

18  to her May 2013 QWR as required by RESPA.  Her claims under the unfair and fraudulent prongs

19  are based upon Defendants' alleged misrepresentation that she was being reviewed for loan

20  modification.  The defects in those claims are discussed as follows.  Leave to amend is addressed

21  separately in section III.D., below.

22    **a.    Unlawful Prong**

23    "By proscribing any unlawful business practice, section 17200 borrows violations of other

24  laws and treats them as unlawful practices that the unfair competition law makes independently

25  actionable."  *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000)

26  (internal quotation marks and citation omitted).

27    The SAC alleges expressly that Plaintiff's claim under the unlawful prong is premised upon

28  the alleged violation of RESPA:  "Defendants WFHM and or WELLS engaged in unlawful conduct

**United States District Court**

For the Northern District of California

1    by failing to respond to Plaintiff's request for loan information as required under the Federal Real

2    Estate Settlement Procedures Act."  SAC ¶ 28.  "RESPA requires the servicer of a federally related

3    mortgage loan to provide a timely written response to inquiries from borrowers regarding the

4    servicing of their loans."  *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) (citing

5    12 U.S.C. § 2605(e)(1)(A), (e)(2)).  "If the servicer fails to respond properly to such a request, the

6    statute entitles the borrower to recover actual damages and, if there is a 'pattern or practice of

7    noncompliance,' statutory damages of up to $1,000."  *Id.* (citing 12 U.S.C. § 2605(f)).

8            Plaintiff does not attach a copy of her QWR to the SAC.  She alleges that the QWR asked

9    for "copies of any assignment of her mortgage or deed of trust required to demonstrate the right of

10   Defendant to foreclose" and "copies of assignments to, as well as the name and address of, each

11   entity who has been assigned the mortgage servicing rights as well as the beneficial interest to the

12   payments on Plaintiff's loan."  SAC ¶¶ 18-19.  What Plaintiff does *not* allege is how she "lost

13   money or property as a result of" Defendants' failure to respond to those inquiries.  Plaintiff sent her

14   QWR *after* the trustee's sale was scheduled and *after* filing this action.  Thus Plaintiff cannot claim,

15   for example, that her default was the result of ignorance as to where to send her loan payments.

16   Absent an allegation of economic injury resulting from the RESPA violation, the UCL claim under

17   the unlawful prong must be dismissed.

18           In her opposition, Plaintiff asserts that her claim under the unlawful prong also is based upon

19   Defendants' "negligent conduct."  Pl.'s Opp. at 6, ECF 58.  There is no allegation of negligent

20   conduct anywhere in the SAC.  Plaintiff's opposition identifies paragraphs 12 and 13 as supporting

21   an unlawful prong claim based upon negligence.  *Id.*  Paragraph 12 alleges that Plaintiff was

22   required to submit the same documents multiple times in support of her modification applications.

23   SAC ¶ 12.  Paragraph 13 alleges both that Plaintiff was required to submit the same documents

24   multiple times and that Defendants did not review Plaintiff for loan modification "in good faith."

25   *Id.* ¶ 13.  Those allegations, taken in context, do not suggest negligence but rather fraud; the very

26   next paragraph states expressly that Defendants *intentionally misled* Plaintiff into believing that she

27   was being reviewed for modification when in fact Defendants always intended to foreclose.  *See*

28   SAC ¶ 14.  Thus even assuming that a well-pled allegation of negligence may constitute the

**United States District Court**
For the Northern District of California

1  predicate violation of law under the unlawful prong,[3] Plaintiff could not plausibly make such an

2  allegation here.

3      Accordingly, the motion to dismiss is GRANTED as to the UCL claim asserted under the

4  unlawful prong.

5              **b.      Unfair and Fraudulent Prongs**

6      "A business practice is fraudulent under the UCL if members of the public are likely to be

7  deceived." *Davis*, 691 F.3d at 1169.  Allegations of fraud under § 17200 must satisfy the

8  heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *Kearns v. Ford Motor Co.*,

9  567 F.3d 1120, 1125 (9th Cir. 2009).  Rule 9(b) requires that "a party must state with particularity

10 the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  "'Averments of fraud must be

11 accompanied by the who, what, when, where, and how of the misconduct charged.'"  *Kearns*, 567

12 F.3d at 1124 (quoting *Yess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

13     Where a claim under the unfair prong is based upon alleged fraudulent conduct, that claim

14 likewise must satisfy the heightened pleading requirements of Rule 9(b).  *See Kearns*, 567 F.3d at

15 1125; *In re Apple In-App Purchase Litig.*, 855 F. Supp. 2d 1030, 1039 (N.D. Cal. 2012).

16     Plaintiff's claims under both the unfair prong and the fraudulent prong are based upon

17 Defendants' alleged misrepresentation that she was being reviewed for loan modification.  The SAC

18 alleges that "Defendants WFHM and or WELLS engaged in unfair conduct by pretending to review

19 Plaintiff for loan modification, requesting documents over and over again, without a real review,

20 while all the while they intended to foreclose."  SAC ¶ 27.  Similarly, the SAC alleges that

21 "Defendants further engaged in fraudulent conduct by falsely representing to Plaintiff that she was

22 being reviewed for loan modification, when in reality Defendants were simply proceeding with

23 foreclosure efforts."  *Id.* ¶ 29.

24     Those allegations are insufficient to satisfy the heightened pleading requirements set forth

25 above.  Plaintiff does not identify who at Wells Fargo made the representation, what exactly was

26

27 [3] "Courts in California appear divided on whether common law claims such as negligence can serve as the predicate violation of law under the UCL unlawful prong." *McGarvey v. JP Morgan Chase Bank, N.A.*, Case No. 2:13-cv-01099-KJM-EFB, 2013 WL 5597148, at *8 (Oct. 11, 2013)
28 (collecting cases).

7

said, when it was said, where it was said, or whether the representation was made verbally or in writing.  Accordingly, Plaintiff has failed to state a claim under either the unfair or fraudulent prongs.

In addition, Plaintiff has not alleged facts showing how she "lost money or property as a result of" the alleged misrepresentation that she was being considered for loan modification.  She makes three assertions of loss:  (1) "Plaintiff has suffered injury in fact and has lost money and title to the Real Property as a result of Defendants' unlawful foreclosure, void documents, and bad faith review for a loan modification"; (2) "Defendants have caused Plaintiff to rely on their representations that she would be reviewed for loan modification and forego seeking other alternatives to foreclosure"; and (3) "Plaintiff has lost or now owes money for foreclosure fees and the expenses in order to avoid foreclosure and eviction."  SAC ¶ 30.

The first and third assertions do not allege loss resulting from the alleged *misrepresentation regarding the status* of Plaintiff's modification applications but rather from her *default* on the loan and subsequent *denial* of modification.  It is important to note that Plaintiff does not allege that Defendants represented that she would be granted modification.  Plaintiff alleges only that Defendants represented that she would be reviewed for modification.  Defendants had no obligation to grant modification even if, as Plaintiff alleges, she was qualified for modification under HAMP and California Civil Code § 2923.5.  *See Mabry v. Sup.Ct.*, 185 Cal. App. 4th 208, 231 (2010) (no right to loan modification under § 2923.5); *Hoffman v. Bank of America, N.A.*, Case No. C-10-2171 SI, 2010 WL 2635773, at *5 (N.D. Cal. June 30, 2010) ("lenders are not required to make loan modifications for borrowers that qualify under HAMP").

The second assertion does allege loss resulting from the alleged misrepresentation, specifically, that in reliance on Defendants' misrepresentation that she would be reviewed for modification, Plaintiff elected to "forego seeking other alternatives to foreclosure."  SAC ¶ 30.  What Plaintiff does *not* allege is how she "lost money or property" by foregoing alternatives to foreclosure.  Plaintiff does not even identify what alternatives to foreclosure were available to her in 2012.  Accordingly, the UCL claims under the unfair and fraudulent prongs are subject to dismissal for failure to allege economic loss as well as failure to meet the heightened pleading requirements of

United States District Court

For the Northern District of California

1    Rule 9(b).

2        In her opposition, Plaintiff asserts that she could have pursued a short sale.  Pl.'s Opp. at 5,

3    ECF 58.  However, she does not offer any facts demonstrating that a short sale was a realistic

4    alternative in 2012 or that the loss of the short sale option translated to loss of money or property.

5        The motion to dismiss is GRANTED as to the UCL claims based on the unfair and

6    fraudulent prongs.[4]

7        **C.    NDeX**

8        The SAC contains no allegations that Defendant NDeX, the trustee under the Deed of Trust,

9    had any responsibility for responding to Plaintiff's QWR under RESPA or reviewing Plaintiff's

10   applications for modification.  Plaintiff thus has not alleged even an arguable basis for liability

11   against NDeX.

12       Accordingly, the motion to dismiss is GRANTED as to NDeX.

13       **D.    Leave to Amend**

14       Having concluded that the SAC fails to state a claim upon which relief may be granted, the

15   Court must decide whether leave to amend is appropriate.   In deciding whether to grant leave to

16   amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371

17   U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon,

18   Inc.*, 316 F.3d 1048 (9th Cir. 2009).  A district court ordinarily must grant leave to amend unless one

19   or more of the *Foman* factors is present:  (1) undue delay, (2) bad faith or dilatory motive, (3)

20   repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and

21   (5) futility of amendment.  *Eminence Capital*, 316 F.3d at 1052.  "[I]t is the consideration of

22   prejudice to the opposing party that carries the greatest weight."  *Id.*  However a strong showing

23   with respect to one of the other factors may warrant denial of leave to amend.  *Id.*

24       The record does not indicate undue delay, bad faith, or undue prejudice.  However, the SAC

25   is Plaintiff's third unsuccessful pleading, following two detailed dismissal orders from the Court.

26   _____

27   [4] In light of its disposition of Plaintiff's UCL claims on the grounds discussed above, the Court need
     not reach Defendants' additional arguments, including the asserted implausibility of Plaintiff's
     allegations, her failure to send the QWR to the correct address, and Wells Fargo's status as the real
28   party in interest.

United States District Court
For the Northern District of California

1   Moreover, Plaintiff's opposition does not establish that she could cure the defects addressed above

2   even if granted leave to amend.  Thus whether to grant leave to amend presents a close question.

3   The Court is satisfied that amendment would be futile with respect to NDeX and with respect to the

4   UCL claim asserted against Wells Fargo and WFHM under the unlawful prong.   For that reason,

5   leave to amend would not be appropriate as to those claims.  However, it is not absolutely clear that

6   amendment would be futile with respect to the UCL claims asserted against Wells Fargo and

7   WFHM under the unfair and fraudulent prongs.  Accordingly, the Court in the exercise of its

8   discretion finds leave to amend appropriate as to those claims.

9        The Court offers the following guidance for Plaintiff's consideration in deciding whether to

10  amend her pleading.  In order to state a viable claim based upon the asserted misrepresentation,

11  Plaintiff must allege the circumstances of the misrepresentation with the specificity required under

12  Rule 9(b).  Moreover, Plaintiff must allege actual reliance on the misrepresentation and a resulting

13  loss of money or property.  *See Graham v. Bank of America, N.A.*, 226 Cal. App. 4th 594, 614

14  (2014).  For example, if Plaintiff's theory is that reliance on the representation that she would be

15  reviewed for loan modification caused her to forego a short sale, she must allege that a short sale

16  was a realistic option in 2012 and explain how foregoing the short sale resulted in economic injury.

17  Plaintiff is cautioned that although she need not allege that her reliance upon the alleged

18  misrepresentation was reasonable, *see Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 258

19  (2011), she must allege facts showing that her reliance was plausible despite the fact that Defendants

20  were under no obligation to grant her modification, *see Iqbal*, 556 U.S. at 678.

21       If Plaintiff does elect to amend her pleading, she is directed to amend her prayer to allege

22  remedies available to her under the UCL.  As presently framed, the prayer requests compensatory,

23  special, and general damages, none of which are available under the UCL.  *See Korea Supply Co. v.*

24  *Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (damages cannot be recovered under UCL).

25  The prayer also requests "an injunction prohibiting Defendants from selling the subject property and

26  stating that Plaintiff is the rightful owner of the subject property."  SAC Prayer, ECF 54.  If the

27  defects noted above are cured, and Plaintiff prevails on her UCL claim, she conceivably could

28  obtain injunctive relief prohibiting a foreclosure sale for a limited period of time sufficient to enable

her to pursue a short sale. However, she would not be able to obtain injunctive relief prohibiting a foreclosure sale indefinitely or allowing her to remain in the property.

## IV. ORDER

For the foregoing reasons,

(1) Wells Fargo's request for judicial notice is GRANTED;

(2) NDeX's motion for joinder is GRANTED;

(3) As to NDeX, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND;

(4) As to Wells Fargo and WFHM, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to the UCL claim asserted under the unlawful prong and GRANTED WITH LEAVE TO AMEND as to the UCL claim asserted under the unfair and fraudulent prongs;

(5) Any amended complaint shall be filed on or before February 20, 2015; and

(6) Any amendments shall be limited to curing the defects noted herein. No additional claims or parties may be added without leave of court.

Dated: January 30, 2015

BETH LABSON FREEMAN
United States District Judge