1

2                    **UNITED STATES DISTRICT COURT**

3                    **NORTHERN DISTRICT OF CALIFORNIA**

4                    **SAN JOSE DIVISION**

5

6    ILLUMINDADA KENERY,                      Case No.  13-cv-02411-BLF

          Plaintiff,
7                                             **ORDER GRANTING MOTION TO**
                                              **DISMISS THIRD AMENDED**
8        v.                                   **COMPLAINT WITHOUT LEAVE TO**
                                              **AMEND; AND DISMISSING ACTION**
9    WELLS FARGO, N.A., et al.,               **WITH PREJUDICE**

          Defendants.                         [Re:  ECF 71]
10

11

12         Plaintiff Illuminada Kenery brought this action against Defendants Wells Fargo, N.A. and

13   Wells Fargo Home Mortgage, Inc. (collectively "Wells Fargo") and other entities in an effort to

14   stop a trustee's sale of her home following her default on a mortgage loan.  Following three

15   rounds of motion practice, Plaintiff filed the operative third amended complaint ("TAC") on

16   February 20, 2015, asserting a single claim against Wells Fargo under California's Unfair

17   Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  Wells Fargo moves to dismiss

18   under Federal Rule of Civil Procedure 12(b)(6).  Following completion of briefing on the motion,

19   the Court vacated the hearing that had been scheduled for June 4, 2015 and submitted the matter

20   without oral argument.  *See* Order Submitting Motion, ECF 81.  For the reasons discussed below,

21   the motion to dismiss is GRANTED WTHOUT LEAVE TO AMEND and the action is

22   DISMISSED WITH PREJUDICE.

23   I.    **BACKGROUND**

24         On April 14, 2008, Plaintiff entered into an agreement with Wachovia Mortgage, FSB to

25   refinance her home mortgage loan in the amount of $587,520.[1]  TAC ¶¶ 9-10, ECF 70; Mortgage

26

27   _____
     [1] Plaintiff's factual allegations are accepted as true for purposes of the motion to dismiss.  *See*
28   *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

United States District Court
Northern District of California

1    Note, Defs.' RJN Exh. B, ECF 72.[2]  The loan was secured by a first deed of trust on Plaintiff's

2    home, which was recorded by the Santa Clara County Recorder on April 17, 2008.  TAC ¶ 10;

3    Deed of Trust, Defs.' RJN Exh. C.  In November 2009, Wachovia Mortgage, FSB converted to

4    Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.  In

5    February 2012, Plaintiff suffered economic hardship following the death of her husband.  TAC ¶

6    11.  She defaulted on the loan.  *Id.*; Notice of Default, Defs.' RJN Exh. E.

7         Between February 2012 and December 2012, Plaintiff submitted at least two applications

8    for loan modification to Wells Fargo.  TAC ¶ 12.  Plaintiff was qualified for a loan modification.

9    TAC ¶¶ 14-15.  However, Wells Fargo never actually considered her for a loan modification.

10   TAC ¶¶ 13, 16.  Instead, Wells Fargo misled Plaintiff into thinking she was being reviewed by,

11   among other things, requesting that she submit the same documents over and over again for

12   months.  TAC ¶¶ 13-14.  However, all along Wells Fargo intended to foreclose.  *Id.* ¶¶ 14, 16.

13   Wells Fargo recorded a Notice of Default with the Santa Clara County Recorder on September 25,

14   2012, a Substitution of Trustee on November 21, 2012, and a Notice of Trustee's Sale on

15   December 24, 2012 with a sale date of January 15, 2013.  Defs.' RJN Exhs. E, F, G.

16        On January 14, 2013, Plaintiff filed a Chapter 13 bankruptcy petition.  Chapter 13 Petition,

17   Defs.' RJN Exh. H.  In September 2014, the Chapter 13 Trustee moved to dismiss the bankruptcy

18   action for unreasonable delay and failure to propose a feasible plan, noting that Plaintiff's plan

19   payments were sixteen months in arrears such that a payment of more than $9,000 would be

20   required to bring Plaintiff current.  Motion to Dismiss for Non-Payment, Defs.' RJN Exh. J.  On

21   November 4, 2014, the Bankruptcy Court issued an order dismissing the case, with the dismissal

22   _____

23   [2] The Court GRANTS Wells Fargo's unopposed request for judicial notice of:  (A) order
     dismissing Plaintiff's second amended complaint; (B) Mortgage Note; (C) Deed of Trust; (D)
24   Certification of Comptroller of the Currency; (E) Notice of Default; (F) Substitution of Trustee;
     (G) Notice of Trustee's Sale; (H) Plaintiff's Voluntary Chapter 13 Bankruptcy Petition; (I) docket
25   for Plaintiff's bankruptcy action; (J) motion to dismiss Plaintiff's bankruptcy action; (K) order
     dismissing Plaintiff's bankruptcy action; (L) Dumas Decl. filed in Plaintiff's bankruptcy action;
26   and (M) notice of dismissal of Plaintiff's bankruptcy action.  The Mortgage Note may be
     considered under the incorporation by reference doctrine, *see Knievel v. ESPN*, 393 F.3d 1068,
27   1076 (9th Cir. 2005), and judicial notice is appropriate with respect to the remaining documents as
     court filings and other matters of public record, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
28   442 F.3d 741, 746 n.6 (9th Cir. 2006), and records reflecting official acts of the Executive Branch,
     *see Graybill v. Wells Fargo Bank, N.A.*, 953 F. Supp. 2d 1091, 1093 n.2 (N.D. Cal. 2013).

United States District Court
Northern District of California

1    stayed for thirty days to permit Plaintiff "to either make full payment, cure arrears or convert

2    case." Order Dismissing Case, Defs.' RJN Exh. K. A Notice of Dismissal of the bankruptcy case

3    was filed on December 24, 2014.

4        Plaintiff filed this action in the Santa Clara County Superior Court on April 23, 2013.

5    Notice of Removal Exh. A, ECF 1. Wells Fargo removed the action to federal district court on the

6    basis of diversity of citizenship. Notice of Removal at 2. The majority of Plaintiff's claims have

7    been dismissed by the Court during the course of three prior rounds of motion practice. The

8    operative TAC asserts a single claim under California's UCL. TAC ¶¶ 17-28.

9    **II.    LEGAL STANDARD**

10       "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

11    claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*

12    *Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

13    729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts

14    as true all well-pled factual allegations and construes them in the light most favorable to the

15    plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the

16    Court need not "accept as true allegations that contradict matters properly subject to judicial

17    notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

18    unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

19    (internal quotation marks and citations omitted). While a complaint need not contain detailed

20    factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

21    relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

22    *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the

23    court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

24    **III.   DISCUSSION**

25       Plaintiff's remaining claim asserts violations of California's Business & Professions Code

26    § 17200, which prohibits an individual or entity from engaging in an "unlawful, unfair, or

27    fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because the statute is

28    written in the disjunctive, it is violated where a defendant's act or practice violates any of the

United States District Court
Northern District of California

3

foregoing prongs." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012).  In addition to identifying a practice under one of the above prongs, a plaintiff must allege that she has suffered (1) economic injury (2) as a result of the practice.  *See Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 323 (2011).  Specifically, the plaintiff must allege that she "suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.

Plaintiff's UCL claim is asserted under the unfair and fraudulent prongs.  TAC ¶¶ 17-28.  "A business practice is fraudulent under the UCL if members of the public are likely to be deceived."  *Davis*, 691 F.3d at 1169.  Allegations of fraud under § 17200 must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  "'Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.'"  *Kearns*, 567 F.3d at 1124 (quoting *Yess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).  Where a claim under the unfair prong is based upon alleged fraudulent conduct, that claim likewise must satisfy the heightened pleading requirements of Rule 9(b).  *See Kearns*, 567 F.3d at 1125; *In re Apple In-App Purchase Litig.*, 855 F. Supp. 2d 1030, 1039 (N.D. Cal. 2012).

Here, Plaintiff's claims under both the unfair and fraudulent prongs are based upon Wells Fargo's alleged fraudulent conduct.  Specifically, Plaintiff claims that Wells Fargo "engaged in unfair and fraudulent conduct by misrepresenting to Plaintiff that they were reviewing Plaintiff for a loan modification, requesting documents over and over again, lulling Plaintiff away from pursuing other foreclosure alternatives, yet not conducting an actual review, while all the while they proceeded with foreclosure efforts, including issuing a notice of default and notice of trustee's sale."  TAC ¶ 21.  Plaintiff also claims that "Defendants further engaged in fraudulent conduct by falsely representing to Plaintiff that she was being reviewed for a loan modification, when in reality Defendants were simply proceeding with foreclosure efforts, including issuing a Notice of Default and Notice of Trustee Sale."  TAC ¶ 22.  Based on the gravamen of the claims, Plaintiff must satisfy the heightened pleading requirements of Rule 9(b) with respect to the unfair prong as well as the fraudulent prong.

Plaintiff asserted a nearly identical UCL claim in her second amended complaint. The Court held that Plaintiff's allegations failed to state a claim because she had not alleged "who at Wells Fargo made the representation, what exactly was said, when it was said, where it was said, or whether the representation was made verbally or in writing." Order of Jan. 30, 2015 at 7-8, ECF 67. The Court also concluded that Plaintiff had not alleged facts showing that she lost money or property as a result of the alleged misrepresentation. *Id.* at 8. The Court rejected Plaintiff's allegations that she lost "money and title to the Real Property" and "now owes money for foreclosure fees and expenses," pointing out that those alleged losses resulted from Plaintiff's default on the loan and subsequent denial of modification, *not* from the alleged misrepresentation regarding the status of Plaintiff's modification applications. *Id.* The Court observed that Wells Fargo had no obligation to grant modification even if Plaintiff in fact was qualified for modification under HAMP. *Id.* The Court identified the only allegation regarding loss potentially resulting from Wells Fargo's *misrepresentation*, which was Plaintiff's allegation that she elected to "forego seeking other alternatives to foreclosure" in reliance upon Wells Fargo's representation that she was being considered for loan modification. *Id.* The Court found that allegation to be insufficient because Plaintiff did not allege *what* alternatives to foreclosure were available to her in 2012 or how the loss of those alternatives translates to a loss of money or property as required for a claim under the UCL. *Id.* at 8-9.

In her TAC, Plaintiff has attempted to cure those deficiencies by adding more specific allegations regarding communications that Plaintiff had with Wells Fargo. Specifically, Plaintiff attaches to her TAC a letter from Wells Fargo dated April 19, 2013, stating that Wells Fargo had received documents in connection with Plaintiff's request for mortgage assistance and that those documents would be referred to Wells Fargo's "home preservation bankruptcy team." Letter of April 19, 2013, TAC Exh. 1. As discussed above, Plaintiff filed for bankruptcy in January 2013 and that bankruptcy case was active at the time of the April 2013 correspondence with Wells Fargo. Plaintiff also attaches to her TAC a nearly illegible copy of a letter from Wells Fargo dated June 20, 2013 stating that Plaintiff's request for loan modification was being denied because Plaintiff had not responded to Wells Fargo's request for additional documents that had been sent

1    to her thirty days prior.  Letter of June 20, 2013, TAC Exh. 2.  Plaintiff alleges that she never

2    received a request for additional documents.  TAC ¶ 24.

3            The April 2013 and June 2013 communications occurred *after* Wells Fargo noticed a

4    trustee's sale for January 15, 2013.  *See* Notice of Trustee's Sale, RJN Exh. G.  Thus those

5    communications could not have misled or "lulled" Plaintiff into foregoing alternatives to

6    foreclosure during the critical period of February 2012 through December 2012 when she claims

7    that she believed Wells Fargo was considering her for loan modification.  Plaintiff acknowledges

8    that the alleged communications did not occur during 2012, but argues that they bolster her

9    allegations regarding Wells Fargo's pattern of acknowledging receipt of documents relating to

10   loan modification and then taking the position that more documents are required.  Plaintiff argues

11   that she is not required to provide any more specifics, relying upon a case from the Eastern District

12   of California, *Alimena v. Vericrest Financial, Inc.*, 954 F. Supp. 2d 1200, 1212 (E.D. Cal. 2013),

13   in which the district court found allegations similar to those pled in this case to be sufficient to

14   state a claim for intentional misrepresentation.  In reaching that conclusion, the district court relied

15   upon the Ninth Circuit's decision in a securities fraud case, *Moore v. Kayport Package Express*,

16   885 F.2d 531 (9th Cir. 1989).  In *Moore*, the Ninth Circuit held that when fraud is alleged against

17   a corporation the Rule 9(b) requirements "may be relaxed as to matters within the opposing

18   party's knowledge."  *Id.* at 540.

19           The Court concludes that Plaintiff has failed to allege facts sufficient to meet the Rule 9(b)

20   requirements even under the more relaxed standard articulated in *Moore*.  While it is

21   understandable that Plaintiff may not be able to identify the particular employees at Wells Fargo

22   with whom she spoke, Plaintiff has not alleged *any* specific facts whatsoever regarding her

23   communications with Wells Fargo during the period between her default in February 2012 and

24   Wells Fargo's scheduling of a trustee's sale for January 15, 2013.  Many of those specifics would

25   be not be within Wells Fargo's exclusive knowledge, such as the approximate dates of Plaintiff's

26   communications with Wells Fargo, whether those communications were oral or written, and what

27   Wells Fargo said.  Thus this Court declines to follow *Alimena* in concluding that only general

28   allegations that a misrepresentation occurred are sufficient to satisfy Rule 9(b).

United States District Court
Northern District of California

1    The Court notes that Plaintiff now alleges what alternatives to foreclosure she was induced

2    to forego by Wells Fargo's alleged misrepresentations.  She alleges that she forewent the

3    opportunity "to pursue a deed in lieu of foreclosure, to borrow from friends, to short sale to buyers

4    eager to obtain property at the existing low mortgage interest rates." TAC ¶ 26.  Because there

5    has not been a foreclosure sale in this case as of yet, it is not clear that the loss of those alternatives

6    in 2012 actually caused Plaintiff to suffer a loss of money or property.  Even assuming that to be

7    the case, however, Plaintiff would not be entitled to the relief she seeks here.  Plaintiff requests an

8    "[i]njunction prohibiting Defendants from selling the subject property and stating that Plaintiff is

9    the rightful owner of the subject property."  TAC Prayer.  It appears on the face of Plaintiff's TAC

10   and from matters judicially noticeable that Plaintiff defaulted on her loan; months later Wells

11   Fargo scheduled a foreclosure sale; and the sale was prevented only by Plaintiff's filing of a

12   bankruptcy action.  Plaintiff has not cited, and the Court has not discovered, any case holding that

13   under such circumstances Plaintiff could allege any set of facts entitling her to retain possession of

14   the house.  To the contrary, a court in this district stated in a recent decision that "Plaintiff has

15   pointed the court to no other cases, and the court has found none in its own research, in which a

16   court has found that a homeowner has standing to bring a UCL claim against a lender for the

17   lender's allegedly unlawful, unfair, or fraudulent conduct occurring after the homeowner's default,

18   where the default was not induced by the conduct of the lender and where the conduct has not yet

19   led to a foreclosure sale." *Maomanivong v. Nat'l City Mortgage Co.*, No. C-13-05433 DMR, 2014

20   WL 4623873, at *19 (N.D. Cal. Sept. 15, 2014).

21   Accordingly, Defendant's motion to dismiss is GRANTED on the grounds that Plaintiff's

22   UCL claim fails to satisfy the heightened pleading requirements of Rule 9(b) and that Plaintiff's

23   claim would not entitle her to the relief that she seeks, that is, to retain possession of the house.  In

24   deciding whether to grant leave to amend, the Court must consider the factors set forth by the

25   Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth

26   Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009).  A district court

27   ordinarily must grant leave to amend unless one or more of the *Foman* factors is present:  (1)

28   undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by

United States District Court
Northern District of California

7

amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.* Here, Plaintiff repeatedly has failed to cure the deficiencies of her pleading through amendment. Plaintiff has given no indication that she could add more facts if granted leave to amend. Accordingly, dismissal is WITHOUT LEAVE TO AMEND.

**IV.   ORDER**

>  (1)    Defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND;
>
>  (2)    The action is DISMISSED WITH PREJUDICE; and
>
>  (3)    The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  September 1, 2015

BETH LABSON FREEMAN
United States District Judge